Hillsborough,
No. 5790.

STATE

*v.*

ANN COLCORD.

Argued September 4, 1968.
Decided November 26, 1968.

*George S. Pappagianis,* Attorney General, and *Norman E. D'Amours,* Assistant Attorney General ( *Mr. D'Amours* orally ), for the State.

*Clifford J. Ross* ( by brief and orally ), for the defendant.

LAMPRON, J. Indictment charging that the defendant on September 27, 1967 "did unlawfully have in her possession and under her control a certain narcotic drug . . . to wit: Marijuana " contrary to the provisions of RSA ch. 318-A. Section 2 thereof provides in part that it "shall be unlawful for any person to . . . possess, have under his control . . . any narcotic drug. " Trial by jury resulted in a verdict of guilty.

Defendant's exceptions to the refusal of the Trial Court to give an instruction to the jury requested during the trial; to the admission of certain evidence; to a portion of the State's argument; and to the response of the Court to a question posed by the jury were reserved and transferred by *Grant,* J.

There was evidence that about 5:00 P.M. on September 27, 1967, police officers, acting under the authority of a search warrant, entered defendant's bedroom and found her sleeping on a couch. She was awakened and advised of her constitutional rights "under the Miranda warning. " The officers showed her a search warrant for a wooden box in her bedroom containing packages of marijuana rolled up in tinfoil and let her look at it and read it. Lt. Engelhardt testified that Chief Wike then asked the defendant "shall we look around for the marijuana or do you want to give it to us. " He further testified that defendant said she would give it to him and went to the west wall of her bedroom where there was an antique box which the defendant picked up and brought over to the chief. The latter asked the defendant what was in the box and she told him it was marijuana.

There was evidence that this antique box contained 12 packages of a "dark-brown green substance " each package being wrapped in tinfoil. An expert witness testified that each of these packages contained marijuana and that the twelve of them totaled about 221.7 grams. This same expert testified that residual material removed from the bowl of a clay pipe seized by the police in defendant's bedroom, which she admitted owning, was found also to be marijuana.

It was testified that when defendant was asked where she got the marijuana she stated a man brought it to her room the Sunday previous to the Wednesday in question. She stated further, it was testified, that this man, whom she identified as a friend, brought it in brick form and that "she assisted him and they broke it up and weighed it and put it in packages to sell for twenty dollars a package." There was further testimony that defendant said she was keeping the marijuana for this friend and when asked "suppose somebody came up here to get some," she stated "if he sends some one up I am to charge twenty dollars a package for it." There was also testimony that when defendant was being questioned by a policewoman she stated "I don't feel there is any harm in selling or using" marijuana.

Defendant testified that the marijuana introduced in evidence was found in her room and that the box in which it was found "is mine." She denied selling marijuana, giving it away or smoking it in her room although she admitted having used marijuana the previous summer on two occasions but stated she was not using it any longer.

The Trial Court properly charged the jury that the State had the burden of proving beyond a reasonable doubt ( 1 ) that the defendant had knowledge that the substance in the box in her bedroom was marijuana; ( 2 ) that she had knowledge of its presence in her room; ( 3 ) that she had custody of the drug and exercised dominion and control over it. *People* v. *Yeoman,* 67 Cal. Reptr. 869, 874; *People* v. *Truelook,* 35 Ill. 2d 189; *People* v. *Mills,* 237 N. E. 2d 697, 701 ( Ill. 1968 ); *People* v. *Harper,* 365 Mich. 494.

There is abundant evidence, and the defendant admitted on the stand, that she knew that the substance obtained by the police in her room was marijuana and that she had knowledge that it was present in her room in a box which she owned, from Sunday until the following Wednesday. There was also evidence which warranted the jury to find that the marijuana had been left in her custody by the friend who brought it to her room and that she could sell it for $20 per package to anyone sent to get some. The jury could therefore properly find that the defendant was in possession of the marijuana, had control and dominion over it, and was guilty as charged in the indictment of unlawfully having in her possession and under her control

the drug, marijuana. *People* v. *King,* 34 Ill. 2d 199, 201; *People* v. *Williams,* 75 Ill. App. 2d 50, 53; *People* v. *Nettles,* 23 Ill. 2d 306; *People* v. *Harper,* 365 Mich. 494. See Annot. 91 A.L.R. 2d 810.

When it was testified that the defendant handed the box containing the drug to the police, her counsel stated to the Court: "I would hope that the State would not claim that . . . this act of itself was possession and control, because she was apparently complying with his [the policeman's] wishes to produce it." Defendant excepted to the Court's statement that he would make no ruling at that time one way or the other.

The record discloses that defendant made no request that the charge indicate any instruction limiting the use of this evidence and took no exception to the Court's charge to the jury as given. We are of the opinion that this evidence was material on the issue of defendant's knowledge that the marijuana was present in her room and on the issue of her possession and control of it even though the delivery of the box to the officer would not in itself constitute a violation of the statute. The evidence objected to was not sufficient to constitute proof of entrapment as suggested in defendant's brief. *Brooke* v. *United States,* 385 F. 2d 279 ( D.D.C. 1967 ); *Rios-Ramirez* v. *United States,* 386 F. 2d 831 ( 9th Cir. 1967 ); *Lewis* v. *United States,* 385 U. S. 206, 207, 208. See Annot. 33 A.L.R. 2d 884.

*Exceptions overruled.*

All concurred.