Merrimack
No. 6673

STATE OF NEW HAMPSHIRE V. CHARLES NICKERSON

January 31, 1974

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* attorney *(Mr. Smith* orally), for the State.

*New Hampshire Legal Assistance (Mr. Paul C. Semple),* by brief and orally, for the defendant.

KENISON, C.J. The principal question raised in this case is whether the affidavits of three police officers established probable cause to issue a warrant to search the dwelling of the defendant for unauthorized controlled drugs. The defendant was indicted for allegedly possessing marijuana in an amount over one pound in violation of RSA 318-B: 26 I (c) (Supp. 1972). In advance of trial the defendant moved to suppress the evidence on the grounds that the search warrant was defective, and *Johnson,* J., denied the motion subject to the defendant's exception. The defendant was found guilty in a trial without jury before *Keller,* C.J., and his exception together with other questions of law raised at trial were reserved and transferred to this court.

On September 3, 1972, Sergeant St. Jacques of the Franklin Police Department secured a warrant to search a house trailer in which the defendant resided located on Depot Street in Franklin. The warrant was based on affidavits by police officers St. Jacques, Gauthier and Sweeney which set forth evidence that the defendant was in possession and control of quantities of marijuana in the trailer. On the same day, while the defendant and two of his guests were present, a number of State and local police searched the trailer pursuant to the warrant. The police discovered two cloth bags in the bedroom, one on the dresser and the other in the closet, containing approximately 54.7 ounces of marijuana broken down into 87 plastic or paper packets.

The defendant contends that the affidavits of the police officers failed to establish probable cause under the standards set forth in *Spinelli v. United States,* 393 U.S. 410 (1969) and *Aguilar v. Texas,* 378 U.S. 108 (1964). On reviewing the affidavits it appears that, while the affidavit of St. Jacques was partially defective, the affidavits of Officers Gauthier and Sweeney established probable cause to believe that the defendant was in possession and control of marijuana in the trailer on September 3, 1972. *See Johnson v. State,* 14 Md. App. 721, 725, 288 A.2d 622, 625 (1972).

The affidavit of Officer Gauthier, dated September 1, 1972, stated, among other things, that a confidential informant reported that he purchased on August 30, 1972, approximately one ounce of marijuana from the defendant within the trailer on Depot Street. The affidavit declares that a quantity of the marijuana was received from the informant and was subsequently identified as marijuana in fact by the New Hampshire Narcotics Bureau. Officer Sweeney's affidavit, dated September 3, 1972, stated that he had received information from a confidential informant that on August 31, 1972, he went to the trailer on Depot Street occupied by a person named "Nick" and saw several plastic bags of marijuana in the trailer, and that on September 2, 1972, he returned to the trailer with a friend who purchased a quantity of marijuana therein. The affidavit set forth Officer Sweeney's belief in the credibility of the informant by relating two incidents in which the informant had given accurate

information in the past, one concerning the location of controlled drugs which had proved to be correct on the execution of a search warrant and the other involving evidence which led to the arrest of a person for making obscene telephone calls. It also avers that the informant can identify marijuana based on Officer Sweeney's experience with him on previous occasions.

In the *Aguilar* and *Spinelli* cases, the Supreme Court endorsed the position that in order for a magistrate to judge the persuasiveness of an affidavit relying on informant's hearsay information, it must contain more than a mere affirmation of suspicion and belief and reveal "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable'". *Aguilar v. Texas,* 378 U.S. 108, 114 (1964); *Spinelli v. United States,* 393 U.S. 410, 413 (1969); *accord, United States v. Harris,* 403 U.S. 573, 577-80 (1971); *State v. Moreau,* 113 N.H. 303, 307, 306 A.2d 764, 766 (1973).

The informer relied upon in Gauthier's affidavit personally purchased marijuana from the defendant in the trailer on August 30, 1972, and established the credibility of his information by giving a quantity of the drug to the officer. *United States v. Harris,* 403 U.S. 573 (1971). The informer in Sweeney's affidavit personally went to the trailer on August 31, and September 2, 1972, and viewed quantities of marijuana in plastic bags in the possession of the defendant. *Id.; see State v. Moreau,* 113 N.H. 303, 307, 306 A.2d 764, 766 (1973). His credibility was established by his previous success in providing the police with evidence of crime, and Sweeney stated under oath that the informant had proven his ability to identify marijuana to him on former occasions. *See Jones v. United States,* 362 U.S. 257, 267-78 (1960). These statements do not contain mere affirmations of belief and suspicion, but rather establish substantial evidence of the presence of marijuana in the trailer occupied by the defendant on Depot Street. We hold that the affidavits contained sufficient detail concerning the underlying circumstances to enable the magistrate to determine the existence of probable cause.

The defendant also contends that the 54.7 ounces of marijuana was erroneously introduced at trial without adequate proof of chain of custody or clear unequivocal identification. The record reveals that on September 3, 1972, Officer Gagne removed two olive-colored bags containing 87 plastic or paper packets of marijuana from the trailer and marked his initials on the bags, designating the smaller of the two number "1" and the larger number "2". He then locked the bags in the trunk of his patrol car. He did not take the bags to the State laboratory because it was closed over the Labor Day weekend, but rather returned to his home and parked the car in the driveway overnight. The next day, Labor Day, he had patrol duty and cruised in his car for a period of time, eventually returning home and again parking his car in the driveway overnight. On September 5, 1972, he delivered the bags to the State laboratory and at that time the individual packets were identified and marked.

We reject this contention on the basis that sufficient evidence was presented as to the continuity of possession to dispel any doubt that the contents of the bags were the same. *Gallego v. United States,* 276 F.2d 914, 917 (9th Cir. 1960); *State v. Parker,* 3 Conn. Cir. Ct. 598, 222 A.2d 582, 585 (1966). Officer Gagne testified that no one else had a key to his vehicle, that there was no evidence of tampering with the trunk or doors of his car and that the bags were in the same condition as he left them after search. In view of the fact that the defendant offered no evidence to the contrary, any speculation that the contents of the bags were not the same affects the weight of the evidence, not its admissibility. *People v. Riser,* 47 Cal. 2d 566, 581, 305 P.2d 1, 10 (1957); *State v. Harrison,* 81 N.M. 623, 628, 471 P.2d 193, 198 (Ct. App. 1970); *DeLuna v. State,* 501 P.2d 1021, 1025 (Wyo. 1972); *cf. Trantham v. State,* 508 P.2d 1104, 1107 (Okla. Crim. 1973).

The defendant also raises the argument that the State failed to prove all the elements of the crime of knowing possession of controlled drugs. In particular, the defendant asserts that it was not established that the defendant rented the trailer and thus cannot be said to have custody and control over the drug. Furthermore, he contends that there was no proof of his knowledge of the presence of marijuana.

We reject the defendant's arguments on these matters because sufficient evidence was introduced at trial to establish his status as a lessee of the trailer and his knowledge of the presence of the drugs. *State v. Colcord,* 109 N.H. 231, 233, 248 A.2d 80, 82 (1968). The owner of the trailer testified that he rented it to the defendant for approximately six months and believed that this period extended beyond September 3, 1972. The presence of the defendant in the trailer at the time of the search and testimony of a police officer that the defendant had a key to a small box located on the bedroom dresser adds weight to this testimony, and we believe that the trial court properly found that the defendant was in control of the premises. *See State v. O'Brien,* 255 La. 704, 232 So. 2d 484, 488 (1970). The fact that the bags were located in the bedroom of the trailer, one on the bureau, the other in the closet, is evidence of the defendant's constructive possession and knowledge of the marijuana. "A conviction for illegal possession may be based upon evidence that the marijuana, while not found on the person of the defendant, was in a place under his dominion and control . . . . If possession is established, knowledge of the character of the drug . . . can be inferred" (citations omitted). *Petty v. People,* 167 Colo. 240, 245, 447 P.2d 217, 221 (1968); *People v. Nettles,* 23 Ill. 2d 306, 308-09, 178 N.E.2d 361, 363 (1961); *State v. Trowbridge,* 487 P.2d 530 (Mont. 1971); *see* Annot., 91 A.L.R.2d 810, 812-18 (1963, Supps. 1968 and 1973).

The defendant finally asserts that RSA 318-B:22 (Supp. 1972) places an unconstitutional burden on him to prove that he was authorized to possess marijuana in violation of U.S. CONST. amend. V and N.H. CONST. pt. I, art. 15. RSA 318-B:22 (Supp. 1972) states that "in any action or proceeding brought for the enforcement of any provision of this chapter, it shall not be necessary to negate any exception, excuse, proviso, or exemption, contained herein, and the burden of proof of any such exception, excuse, proviso or exemption, shall be upon the defendant." The defendant basically contends that he has a constitutional right to remain silent and the statute creates an unreasonable presumption that proof of possession infers such possession is unauthorized.

Similar provisions under federal drug laws, 21 U.S.C.A.

885a (1), b, and c, have been found constitutional in numerous cases. *Barnes v. United States,* 412 U.S. 837, 841-47 (1973); *see, e.g., Turner v. United States,* 396 U.S. 398 (1970); *Burris v. United States,* 430 F.2d 399, 401 n.2 (7th Cir. 1970); *Orozco-Vasquez v. United States,* 344 F.2d 827, 829 (9th Cir. 1965). *See also* 1 Wharton, Criminal Evidence § 14 (13th ed. C. Torcia 1972). The constitutional test fashioned by these decisions is whether the presumption is reasonably related to the facts that the State is required to prove. If the combination of those facts and the inferences establish the elements of the crime, then the defendant cannot be said to have been deprived of his right to remain silent. RSA ch. 318-B (Supp. 1972) authorizes only manufacturers and wholesalers (RSA 318-B:5 (Supp. 1972)), hospitals and laboratories (RSA 318-B:8 (Supp. 1972)), pharmacists, practitioners and veterinarians (RSA 318-B:9 and 10 (Supp. 1972)) to possess controlled drugs, such as marijuana, *if* they are to be utilized "in the regular course of business, occupation, profession, employment, or duty of the possessor." RSA 318-B:6 (Supp. 1972). Since such authorized possession is extremely unlikely for a private individual in his dwelling, we hold that the presumption created under RSA 318-B:22 (Supp. 1972) is reasonable under the circumstances of this case and does not violate the defendant's constitutional rights.

*Defendant's exceptions overruled.*

All concurred.