Hillsborough
No. 6466

STATE OF NEW HAMPSHIRE

v.

RICHARD J. SAIDE

SAME

v.

DENNIS J. SAIDE

November 29, 1974

*Warren B. Rudman,* attorney general, and *James L. Kruse* under Supreme Court Rule 23 *(Mr. Kruse* orally), for the State.

*Sheehan, Phinney, Bass & Green* and *Alan L. Reische (Mr. Reische* orally) for the defendants.

GRIMES, J. The issues in this case involving the crime of possession of more than one pound of marijuana are: whether evidence seized under a warrant should be excluded as a matter of law because of a failure to comply with statutory requirements with respect to receipts and inventories, and whether the evidence would support a finding of possession by either defendant of more than one pound.

After a trial without jury, the Court, *Loughlin*, J., reserved without ruling "issues of law presented by the proceedings".

On February 25, 1971, five Manchester police officers armed with a search warrant went to the apartment rented and occupied by both defendants, who are brothers. When they received no response to their knocking on the door, two officers went to one of the sandwich shops operated by the defendants and brought the defendant Dennis Saide back with them. He told the officers his brother had the key and he had none. After attempting to contact Richard, the owner of the apartment house was contacted and he opened the door for them.

The apartment consisted of a living room, kitchen, two bedrooms and a bath. Dennis was asked to sit down in the living room while the officers searched the various rooms. Vegetative matter was found in the stove, refrigerator, in the sitting room and in both bedrooms. Some was in plastic bags, some in clothing, some in a silver bucket, and some in various other containers. As the various items were found, they were brought into the living room and placed in front of Dennis. The court found that Dennis viewed the material as it was placed in front of him. After the search was completed, the material was all taken to the police station along with defendant Dennis. No receipt was given before removal as required by RSA 595-A:5 (Supp. 1973).

At the police station, the vegetative material was put into one bag and weighed. It was found to weigh about one and one-half pounds. An inventory was then made for the return of the warrant in the presence of the applicant for the warrant and another creditable person. A copy to serve as a receipt was given the defendant at his probable cause hearing the next day since he had left the station on bail before the inventory was completed.

After the inventory was completed, the material was then all put in an evidence bag, sealed, and locked in the evidence room at the police station where it stayed for five days. It was then taken to the State laboratory in Concord by the same officer who had procured the warrant, had been in charge of the search and the inventory, and had placed the bag in the evidence room. He delivered it personally to the chemist who later testified as to its contents. The bag was left sealed in the laboratory until its examination four or five days later. The material was all aggregated and a random sample taken, which was found to contain 85% leaf, 5% viable seed and 10% small stem marijuana.

A discrepancy between the number of small glassine bags listed in the inventory, and the number found by the chemist was explained by the officer as being the result of some of them having been put into larger containers like the silver bucket so that at the time of the inventory only the larger containers were listed. The State chemist testified that after the testing, he kept the evidence bag with its contents locked up in the State police vault until he brought it to court the day he testified. The trial court found that the vegetative matter taken from the defendants' apartment was in the exclusive control of law enforcement officers. He also found that the test laid down in *State v. Fornier,* 103 N.H. 152, 167 A.2d 56 (1961), had been met. The evidence supported this finding.

Defendants contend that all the evidence obtained in the search should be suppressed because of the failure of the police to strictly comply with the requirements of RSA 595-A:5 (Supp. 1973). It is true that no receipt was given the defendant Dennis at the scene of the search as required by the statute, but a copy of the inventory was given defendants the next day to act as a receipt. The trial court found that Dennis had the opportunity to see every item seized at the apartment. He further found that, although Dennis was not present at the taking of the inventory, it was taken by the applicant for the warrant and in the presence of a creditable person. This complied with the statute. The failure to give a receipt at the scene of the search does not require that the evidence seized be suppressed. The legislature has not

seen fit to provide for the exclusion of evidence because of noncompliance with the requirements of RSA 595-A:5 (Supp. 1973) as it has with respect to the exclusion of evidence of blood tests for failure to comply with the requirements of RSA 262-A:69 (c).

The final question for decision is whether the evidence will support a finding, if one is made, that each defendant was in possession of in excess of one pound of marijuana. We hold that it will.

It is agreed that, because of the way the vegetative material was intermingled, it is impossible to find what material came from what rooms in the apartment. Defendants contend that since they occupied separate bedrooms, neither one can be found to be in possession of what was found in the other's bedroom and that therefore neither can be found to have been in possession of more than one pound. They also contend that since some of the material was stems, the possession of which is not illegal, neither can be found guilty of possession of a controlled drug.

We hold that the evidence would support a finding that beyond a reasonable doubt each defendant had custody of all the vegetative matter in the apartment and exercised dominion and control over it, so as to meet the requirements of State v. Colcord, 109 N.H. 231, 248 A.2d 80 (1968). Since our own cases of State v. Nickerson, 114 N.H. 47, 314 A.2d 648 (1974), and State v. Comeau, 114 N.H. 431, 321 A.2d 590 (1974), support this holding, we see no reason to discuss extensively the various cases from other jurisdictions cited by defendants, many of which are found in Annots., 91 A.L.R.2d 810 (1963) and 56 A.L.R.3d 948 (1974).

The testimony of the officer that each defendant had his own bedroom and that possessions of neither were found in the bedroom of the other and that there were no signs that either had entered or used the other's bedroom, while entitled to be considered on the factual question of possession, is not as a matter of law controlling. There is evidence that the brothers are in business together, that they rented the apartment together, that they both occupy it regularly as their home, and that the rent was paid by check from their joint business assets. There is also evidence that the

marijuana, including stems, was found throughout the apartment in such places as the stove, the refrigerator, on open trays, in clothing, in each bedroom, and elsewhere. Although positive evidence is lacking that either actually entered the bedroom of the other, it is findable that each had full access to the other's bedroom. When the police entered, they were able, without unlocking any bedroom doors, to have free access to each bedroom. The prevalence of the vegetative material throughout the apartment establishes the basis for an inference and finding that each brother knew that it existed in the bedroom of the other. Since there is no requirement that custody of the drugs be exclusive, it is findable on the evidence in this case that each defendant had joint possession of more than one pound of marijuana. *State v. Comeau supra.*

This case is therefore unlike *Markman v. State,* 210 So. 2d 486 (Fla. App. 1968), and *People v. Bretado,* 178 Cal. App. 2d 465, 3 Cal. Rptr. 216 (1960), relied on by the defendants. The *Markman* case stands only for the proposition that joint control of premises standing alone is insufficient to support a finding of possession of drugs found therein. The case recognizes that joint control may be a factor and that, when coupled with other circumstances from which knowledge could be inferred, would support a finding of possession. The *Bretado* case holds only that, when marijuana was found in defendant's bedroom, a finding of possession was not as a matter of law precluded by the fact that his brother also lived in the house and had a separate bedroom.

*Remanded.*

All concurred.