Merrimack
No. 78-141

THE STATE OF NEW HAMPSHIRE

v.

VERNON ALLEN FOSSETT

March 23, 1979

*Thomas D. Rath*, attorney general (*Anne E. Cagwin*, assistant attorney general, orally), for the State.

*McSwiney, Jones & Semple*, of Concord (*Paul C. Semple* orally), for the defendant.

PER CURIAM. The defendant was charged with possession of a controlled drug, marijuana, on June 2, 1977. A trial by jury resulted in a guilty verdict. All questions of law raised by the defendant's exceptions were reserved and transferred by the Trial Judge (*Cann*, J.). The defendant contends that there was insufficient evidence for conviction under RSA 318-B:26 (Supp. 1977).

On June 2, 1977, Deputy Sheriff Larry Thomas obtained a search warrant from the Concord District Court authorizing the search of "Vernon Fossett and the premises located at 10 West Main Street, Penacook, N.H." Deputy Sheriff Thomas and other officers went to the premises and knocked on the door. The defendant answered the door, and, in response to Deputy Sheriff Thomas' question, stated that his wife was in the bathroom. During a search of the premises, a brown paper bag containing fifteen-and-one-half ounces of material later analyzed as marijuana was found in the rear bedroom. Another smaller bag containing a vegetable-like substance was found in the bathroom with seeds, cigarette papers, and scales. The defendant and his wife were arrested for possession of marijuana under RSA 318-B:26 (Supp. 1977). At trial one of the two witnesses for the State identified the substance taken from the bedroom as marijuana. Deputy Sheriff Thomas' very brief ten-page testimony consisted of a recitation of the above facts. In response to an introductory question, he testified that 10 West Main Street was the defendant's residence. The defendant attempted to introduce a certified record of his wife's conviction for possession of a controlled substance arising from this incident but this evidence was excluded as immaterial and in light of our conclusion herein we do not address that issue.

■ RSA 318-B:26 (Supp. 1977) requires the State to prove "beyond a reasonable doubt (1) that the defendant had knowledge of the nature of the drug, (2) that he had knowledge of its presence in his vicinity and (3) that he had custody of the drug and exercised dominion and control over it." *State v. Comeau*, 114 N.H. 431, 434, 321 A.2d 590, 592 (1974). The State does not allege that the officers found the defendant in physical possession of a controlled substance. Therefore, constructive possession must be proved.

The State argues that the defendant's presence in the house, his response to the deputy sheriff's question, the deputy sheriff's belief that 10 West Main Street was the defendant's residence and the finding of marijuana on the premises constitute sufficient evidence to sustain a conviction under RSA 318-B:26 (Supp. 1977). It argues that the evidence in this case is similar to evidence we have previously found sufficient to sustain a conviction under this statute. *See State v. Saide*, 114 N.H. 735, 329 A.2d 148 (1974); *State v. Comeau*, 114 N.H. 431, 321 A.2d 590 (1974); *State v. Nickerson*, 114 N.H. 47, 314 A.2d 648 (1974).

We hold that the facts proved by the State in this case are insufficient as a matter of law to sustain this conviction for possession under RSA 318-B:26 (Supp. 1977). The State is correct in its assertion that the jury "[m]ay draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences provided that they can reasonably be drawn therefrom." *State v. Taylor*, 118 N.H. 855, 859, 395 A.2d 505, 507 (1978); *State v. Lovett*, 116 N.H. 571, 573, 364 A.2d 880, 882 (1975); *State v. Palumbo*, 113 N.H. 329, 330, 306 A.2d 793, 795 (1973).

In the case before us, however, the State's evidence, viewed in the most favorable light, proved only that the defendant may have occupied the premises. The defendant was present on the premises but not in the room where the marijuana was found. The only evidence of the defendant's possessory interest in the premises was presented by the deputy sheriff who merely answered a leading question. No foundation was laid to support the sheriff's belief. The State offered no evidence that the defendant occupied the "rear" bedroom where the marijuana was found and there is no evidence that the marijuana was open to observation. The record established that the defendant's wife was in the bathroom where some vegetable-like substance was later found, but there is no evidence indicating that the defendant had access to this room when the substance was present. We also note that the substance found in the bathroom was not proved to be marijuana. There was no evidence that defendant and his wife lived together or that he met the three-prong test of RSA 318-B:26 (Supp. 1977) that he *knew* the nature of the drug, had *knowledge* of its presence, and had custody, dominion or control over it.

These facts are readily distinguishable from facts we have found in the past to be sufficient to sustain a conviction under RSA 318-B:26 (Supp. 1977). We held in *Comeau* that the requisite elements of custody and exercise of dominion and control were present although the

defendant .did not occupy the apartment on a full-time basis. In *Comeau*, there was testimony that the defendant had access to the room where the drugs were kept, entered the room and kept personal possessions there, had been found sleeping in the apartment to which the room was attached, had been seen entering and leaving the premises on numerous occasions, and actually knew of the presence of the drugs. In *Saide*, two brothers were convicted for possession of marijuana in an amount exceeding one pound even though only a portion of that amount was found in each room. We noted in *Saide* that the record showed that the brothers worked together, that they were living in the apartment where the illegal substance was found, and that their clothing was present in their respective rooms. This evidence was sufficient to support a finding that the brothers each had custody of the substance in the entire apartment and exercised dominion and control over it. In *Nickerson*, the owner's testimony that the defendant rented the premises, coupled with the fact that the defendant had a key to a box in the bedroom where the controlled substance was found, was sufficient to satisfy the standard articulated in *Comeau.*

None of the factors upon which we relied in *Nickerson*, *Comeau* and *Saide* to establish constructive possession, are present in this case. Those cases relied on several factors to establish constructive possession. Testimony of a landlord or other observer was used in those cases to demonstrate that the defendant actually rented the premises or was frequently present there. In each case, personal possessions of the defendant stood in close proximity to the controlled substance, providing a sufficiently close nexus between the defendant and the substance to allow the jury to infer possession. The State failed to prove this close connection here. The only evidence of the defendant's possible possessory interest in the premises was presented by Deputy Sheriff Thomas in response to a leading question that assumed that 10 West Main Street was the residence of the defendant, and referred to "Vernon Fossett's residence" and "Fossett's rear bedroom." The defendant was present on the premises but not in the room where the marijuana was found. The State offered no testimony or evidence that the defendant actually resided at 10 West Main Street or that he occupied the "rear" bedroom where the marijuana was found.

■■ Evidence beyond mere occupancy is particularly necessary when more than one person occupies the premises where the drugs are found. In this situation the defendant himself must actually be linked to the drugs either by incriminating statements or circumstances before an inference of possession may be drawn. *See State v. Herrera,*

90 N.M. 306, 563 P.2d 100 (Ct. App. 1977), *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977). *See also Williams v. State*, 498 S.W.2d 340 (Tex. Crim. App. 1973) (defendant's name on utility bill and presence on the premises at time of arrest insufficient to sustain a conviction for constructive possession when other persons present at time of arrest). *Cf. United States v. Romano*, 382 U.S. 136 (1965); *United States v. DiRe*, 332 U.S. 581 (1948) (mere presence at the locus of a crime is insufficient to establish possession). The facts in the present case do not indicate the close nexus between the defendant and the controlled substance necessary to support a conviction under these circumstances. *Accord, Garrison v. State*, 272 Md. 123, 321 A.2d 767 (1974).

In light of our holding, we need not reach the other issues raised by the defendant.

*Exceptions sustained.*