Carroll
Nos. 90-078
     90-083

THE STATE OF NEW HAMPSHIRE

v.

JOANNE WARD

THE STATE OF NEW HAMPSHIRE

v.

ROBERT L. PHAIR, JR.

August 16, 1991

*John P. Arnold,* attorney general (*Diane M. Nicolosi,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendants.

HORTON, J. These are consolidated appeals from a decision of the Superior Court (*O'Neil,* J.), following a bench trial, finding both defendants guilty of receiving stolen property under RSA 637:7. On appeal, the defendants challenge the sufficiency of the evidence to support a finding that they possessed the stolen property. They also ascribe error to certain remarks made by the prosecutor and by the trial judge, which, they assert, improperly commented upon the defendants' failure to testify on their own behalf. We reverse the guilty findings against both defendants.

On February 4, 1989, police in the town of Freedom received a report of two stolen snowmobiles. The next evening, a Freedom police officer pursued a single speeding snowmobile with two riders on a town road, but he lost pursuit as it left the road, headed in the direction of the trailer home where the two defendants lived. On the morning of February 6, Freedom's chief of police noticed two snowmobiles matching the description of the stolen property parked behind this trailer home. The police chief contacted the owners of the stolen snowmobiles, who stated that the machines were the two they had reported stolen. He then obtained a search warrant and took custody of the snowmobiles, which were positively identified as the stolen property. The defendants were arrested shortly thereafter. Defendant Ward, who was at the trailer home when the search warrant was executed, was quoted as saying, "I knew they [, *i.e.,* the snowmobiles] were out there." At trial, the defendants exercised their right not to testify.

The evidence supporting the State's case included identification of the two snowmobiles found beside the trailer home, the testimony of

police officers that both defendants resided in the trailer home, and, as to defendant Ward, her admission, quoted above, that she knew of the presence of the snowmobiles next to the trailer home. The trial evidence shed no light upon the identity of the speeding snowmobile or the two riders pursued by the Freedom police officer on the evening of the fifth of February, although both of the stolen snowmobiles showed damage consistent with being driven on pavement. Nor did the evidence provide any link between the stolen snowmobiles and the two defendants other than the snowmobiles' proximity to the defendants' residence. In fact, the evidence established that the Freedom police were aware that defendant Ward's mother, not the defendants themselves, owned the trailer home, and that there were numerous visitors to the trailer home, some of them apparently overnight guests. Further, there was no evidence indicating that defendant Phair was present at the trailer home at any time during these events, including during the arrest of defendant Ward. There was, however, testimony that someone had driven and tended to the snowmobiles while they were parked beside the trailer home. Following the presentation of the State's case-in-chief, the defendants unsuccessfully moved to dismiss on sufficiency of the evidence grounds. They then rested their respective cases.

■ The crime of receiving stolen property, RSA 637:7, requires proof that the accused (1) has received, retained, or disposed of the property of another, (2) knowing or believing that it has been stolen, (3) with a purpose to deprive the owner of the property. As used in the statute, the meaning of the term "receive" includes acquiring possession or control of the property. RSA 637:7, III. The defendants assert that there was insufficient evidence that they, or either one of them, possessed the stolen snowmobiles. Their burden on appeal is to show that no rational fact finder, viewing the evidence most favorably to the State, could have found them guilty beyond a reasonable doubt. *State v. Guglielmo*, 130 N.H. 240, 244, 544 A.2d 25, 28 (1987). We agree that the trial record fails to establish any basis upon which a rational fact finder could have found the essential element of possession. Accordingly, we reverse both convictions.

■ "[M]ere presence in the vicinity of the stolen property 'unilluminated by other facts [is] insufficient proof of possession'" to support a conviction under RSA 637:7. *State v. Stauff*, 126 N.H. 186, 189, 489 A.2d 140, 142 (1985) (quoting *United States v. Romano*, 382 U.S. 136, 141–42 (1965)).

■ The State urges that sufficient evidence of constructive possession was produced at trial, but it focuses solely on the testimony that the two defendants were known in the community as the residents of the trailer home. No evidence established the relationship between the two defendants, the nature of their occupancy of the trailer home (which belonged to defendant Ward's mother), or any arrangements they may have made to share or divide control of the trailer home yard. *See, e.g., State v. Cartier,* 133 N.H. 217, 220–21, 575 A.2d 347, 349 (1990) (in a drug possession case, the evidence demonstrated that the defendant was not just an occupant of the premises but also that he had knowledge of and control over the contraband); *State v. Fossett,* 119 N.H. 155, 157, 399 A.2d 966, 967 (1979). As to the snowmobile pursuit of February 5th, the police conceded that they could not identify either the snowmobile, its drivers, or its final destination. Defendant Ward's admission that she was aware of the existence and location of the snowmobiles does not provide the illuminating fact necessary to advance her mere presence to the level of possession. As to defendant Phair, there was no indication that he was even present at the trailer home during the several days that the stolen snowmobiles were on the premises. The bare fact that he was known to share the occupancy of the trailer home with the other defendant does not establish the requisite element of possession. *See Fossett supra.*

Since we find error in the failure of the trial court to grant the motions to dismiss, we will not address the error asserted regarding remarks of the trial judge and the prosecutor.

*Both cases (No. 90-078 and No. 90-083) reversed.*

All concurred.