Merrimack
No. 2010-026

THE STATE OF NEW HAMPSHIRE

v.

GLENDON HILL

Submitted: March 13, 2012
Opinion Issued: March 23, 2012

*Michael A. Delaney*, attorney general (*Elizabeth C. Woodcock*, assistant attorney general, on the memorandum of law), for the State.

*Pamela E. Phelan*, assistant appellate defender, of Concord, on the brief, for the defendant.

LYNN, J. The defendant, Glendon Hill, appeals his conviction in Superior Court (*Nicolosi*, J.) for aggravated felonious sexual assault, *see* RSA 632-A:2, I (2007), on the ground that the jury's verdict was against the weight of the evidence. We affirm.

The relevant facts and procedural history of this case are undisputed. At trial, the State elicited testimony from the defendant's young step-daughter that the defendant had subjected her to various types of sexual abuse. Her statements being the only evidence introduced by the State, the defendant moved to dismiss the indictments before putting on a defense, arguing that the mode of questioning was so suggestive that the State had failed "to provide a rational jury with proof beyond a reasonable doubt" that he committed the elements of the charged crimes. The trial court agreed that the direct examination of the child contained leading questions but denied the motion, reasoning that the child's testimony was sufficient to submit the matter to the jury. After calling a single witness to the stand, the defense rested. The jury convicted, and the defendant appealed without making any post-trial motions.

On appeal, the defendant argues that the jury's verdict was against the weight of the evidence. The State responds that the defendant's argument has not been preserved for our review. A challenge to the weight of the evidence, according to the State, must be made in a motion to set aside the verdict *after* the verdict has been rendered — not in a motion to dismiss at the close of the State's case.

 Our review of the record persuades us that the defendant has not preserved his challenge to the weight of the evidence. To prevail on a challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence in a light most favorable to the State, could find guilt beyond a reasonable doubt. *State v. Evans*, 150 N.H. 416, 424 (2003). Because it is based on a hypothetical rational juror, a sufficiency challenge may be raised at the close of the State's case-in-chief (as happened in the instant case), at the close of all the evidence, or after a jury conviction in a motion for a directed verdict. *See, e.g., State v. Moscone*, 161 N.H. 355, 363 (2011) (motion for directed verdict); *State v. Ward*, 134 N.H. 626, 628 (1991) (close of State's case-in-chief); *In re Three Video Poker Machines*, 129 N.H. 416, 421 (1987) (close of all the evidence). When a sufficiency challenge is made at the close of the State's case, obviously only the evidence presented to that point in the trial can be examined in deciding the motion. However, if the trial court denies the motion and the defendant then offers evidence, "[w]e review the entire trial

record because, even though the defendant is not required to present a case, if he chooses to do so, he takes the chance that evidence presented in his case may assist in proving the State's case." *State v. Littlefield*, 152 N.H. 331, 349-50 (2005). In any of these circumstances, if the record contains insufficient evidence to permit a rational juror to find the defendant guilty beyond a reasonable doubt, the remedy is acquittal.

■ A successful challenge to the *weight* of the evidence, in contrast, does not result in acquittal. As we explained at length in *State v. Spinale*, 156 N.H. 456, 465 (2007), in considering a motion to set aside the verdict based on the weight of the evidence, the trial court "sits as a 'thirteenth juror' and disagrees with the jury's resolution of the conflicting testimony." "The trial court's difference of opinion no more signifies acquittal than does a disagreement among the jurors themselves." *Id.* (quotations omitted). "Thus, a motion addressed to the weight of the evidence primarily presents a question of fact for the trial court, and the trial court has much more discretion when considering such a motion." *Id.* Unlike the remedy of acquittal for a sufficiency-of-the-evidence challenge, the remedy for a successful weight-of-the-evidence challenge is a new trial.

■ As the foregoing discussion makes clear, the nature of a challenge to the weight of the evidence requires that it be raised as a motion to set aside a verdict *actually rendered*. *See id.* at 467 ("A reversal based on the weight of the evidence . . . can occur only after the State both has presented sufficient evidence to support conviction and *has persuaded the jury to convict*." (emphasis added; citation omitted)); 3 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 4TH § 582, at 442-43 (2011) (the trial court should invoke its power to grant a new trial "only in exceptional cases, where the evidence weighs heavily against the verdict" and where "a miscarriage of justice may have resulted"); *see also* 6 W. LAFAVE ET AL., CRIMINAL PROCEDURE § 24.6(d), at 448 (3d ed. 2007); SUPER. CT. R. 105 ("A motion to set aside a verdict of guilty shall be filed within seven days after its rendition."). Because the defendant in this case *moved to dismiss* based on insufficient evidence at the close of the State's case and made no post-verdict motion to set aside the verdict based on the weight of the evidence, the issue has not been preserved.

*Affirmed.*

DALIANIS, C.J., and HICKS, J., concurred.