NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
Case No. 2023-0453
Citation: State v. Perez, 2025 N.H. 6


THE STATE OF NEW HAMPSHIRE

v.

YOESMITH SOSA PEREZ

Argued: October 16, 2024
Opinion Issued: February 7, 2025

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Robert S. Baldridge, assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

DONOVAN, J.

[¶1] The defendant, Yoesmith Sosa Perez, appeals his convictions, following a multi-day jury trial in the Superior Court (Messer, J.), on two counts of first degree assault with a firearm.  See RSA 631:1, I(b) (2016).  On appeal, the defendant argues that the State introduced insufficient evidence to

prove that he did not act in self-defense. After reviewing the record and construing all evidence and inferences in the light most favorable to the State, we conclude that the evidence was sufficient to establish that the defendant did not act in self-defense. Accordingly, we affirm.

I.   Facts

[¶2] The jury could have found the following facts. On August 10, 2021, the defendant returned to his apartment building in Manchester after a brief outing with his father. When the defendant arrived, R.S. confronted him about an unpaid debt. The defendant and R.S. began arguing on the landing at the top of the stairway to the apartment building's entrance.

[¶3] Accounts regarding the subsequent events differed. M.R., a 15-year-old resident of the apartment building, testified that the defendant turned and started to walk down the stairs when R.S. pushed him "into the railing." The defendant tripped but did not fall, stumbled down the stairs, and stood at the bottom of the stairway. However, the defendant's father testified that "[R.S.] ran up the front steps," picked up the defendant, and threw him down the stairs. After the defendant fell onto the sidewalk, he picked himself up and fired two shots at R.S.

[¶4] At the time of the shooting, the two men were approximately 30 feet apart, and R.S. did not have "any kind of weapon." The altercation occurred very quickly, and R.S. and the defendant exchanged no words between the push at the top of the stairs and the shooting. After the shooting, the defendant said "that [R.S.] almost pushed him down the stairs."

[¶5] Law enforcement arrived to process the scene, and no weapons were recovered from R.S. The defendant appeared to have a "pretty long scrape or gash across his chest," but the backs of his hands showed no marks or abrasions consistent with a physical altercation. The defendant was subsequently arrested and charged, in relevant part, with two counts of first degree assault with a firearm. RSA 631:1, I(b).

[¶6] At a five-day jury trial in April and May 2023, witnesses, including M.R. and the defendant's father, testified about the altercation on the stairs and the shooting. Detectives also testified about the evidence collected while processing the scene. After the State rested, the defendant moved to dismiss, arguing that the State failed to prove beyond a reasonable doubt that he did not act in self-defense. The trial court denied the defendant's motion. Thereafter, the defendant presented his case, and the jury found him guilty on two counts of first degree assault with a firearm. This appeal followed.

[¶7] On appeal, the defendant argues that the evidence was insufficient to disprove that he acted in self-defense based upon a reasonable belief that

2

R.S. was likely to use unlawful force against him in the commission of a felony within the defendant's dwelling or its curtilage. The State contends, among other things, that the defendant failed to preserve this argument. Therefore, we first address the State's argument that the defendant's sufficiency of the evidence claim is not preserved for our review.

[¶8] First, the State argues that the defendant, as the appealing party, must challenge the sufficiency of the evidence at the close of the evidence in order to preserve the issue for appeal. Specifically, the State argues that the challenge must occur at this point because this type of claim requires the court to review the entire trial record, including evidence advanced by the defendant. "[E]ven though the defendant is not required to present a case, if he chooses to do so, he takes the chance that evidence presented in his case may assist in proving the State's case." State v. Pittera, 139 N.H. 257, 260 (1994). According to the State, a defendant's failure to renew a motion to dismiss for insufficient evidence after the defendant presents his or her case deprives the trial court of the opportunity to "determine if there was sufficient evidence to convict under all the evidence, including the defendant's proof." We are not persuaded.

[¶9] "The defendant, as the appealing party, bears the burden of demonstrating that he specifically raised the arguments articulated in [his appellate] brief before the trial court." State v. Proctor, 171 N.H. 800, 804 (2019). The purpose underlying our preservation rule is to afford the trial court an opportunity to correct any error it may have made before those issues are presented for appellate review. State v. Gordon, 161 N.H. 410, 417 (2011). We have held that a sufficiency challenge may be raised at the close of the State's case-in-chief, at the close of all the evidence, or after a jury conviction by way of a motion for directed verdict. State v. Hill, 163 N.H. 394, 395 (2012).

[¶10] The defendant observes that we have not addressed whether a defendant is required to renew a motion to dismiss after the close of evidence when: (1) the trial court denies his motion to dismiss based upon a claim of insufficient evidence made at the close of the State's case; and (2) the defendant chooses to present evidence thereafter. Although we have not squarely addressed this question, we have consistently treated as preserved sufficiency of evidence challenges that were raised by way of a motion to dismiss after the State rested its case but before the close of evidence. See, e.g., State v. Cullen, 175 N.H. 628, 630 (2023); State v. Gordon, 161 N.H. 410, 414, 418 (2011); State v. Cunningham, 159 N.H. 103, 107 (2009).

[¶11] This treatment is consistent with our preservation rule, given that failure to renew a motion to dismiss for insufficient evidence at the close of evidence does not deprive the trial court of the opportunity to correct any error it may have made. To evaluate a sufficiency of the evidence challenge, the court assesses whether the evidence is legally sufficient to prove guilt beyond a

3

reasonable doubt. See State v. Spinale, 156 N.H. 456, 463-64 (2007). In a criminal trial, the State bears the burden to prove each element of a crime "beyond a reasonable doubt." RSA 625:10 (2016). The standard that a defendant must meet to prevail on a sufficiency of the evidence challenge arises from this burden of proof. Specifically, "the defendant must establish that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt." State v. Wilson, 169 N.H. 755, 760 (2017).

[¶12] When the trial court denies a motion to dismiss for insufficient evidence after the State rests, it is finding that a rational trier of fact could find guilt beyond a reasonable doubt based upon the proof introduced in the State's case-in-chief. See State v. Cullen, 175 N.H. 628, 630 (2023). If the defendant chooses to put on a case thereafter, the evidence may: (1) add support to the State's case; or (2) discredit or undermine the State's case. If the defendant's evidence adds support to the State's case, then it is not necessary to renew the motion to dismiss to "afford the trial court an opportunity to correct any error it may have made." Proctor, 171 N.H. at 804. Specifically, the additional proof merely adds support to the court's conclusion that a rational trier of fact could find guilt beyond a reasonable doubt.

[¶13] Alternatively, evidence offered in a defendant's case-in-chief could tend to disprove or discredit the evidence introduced by the State. Nonetheless, this type of evidence is immaterial to the trial court's analysis because the trial court must view all of the evidence and all reasonable inferences from it in the light most favorable to the State. State v. Wilson, 169 N.H. at 760. Consequently, the trial court must construe conflicts between the State's evidence and the defendant's evidence in the State's favor when analyzing a sufficiency of the evidence challenge. Accordingly, the trial court's analysis of whether the State introduced sufficient evidence to prove the defendant's guilt would be the same regardless of whether it is conducted in response to a motion raised after the State rested its case or at the close of the evidence.

[¶14] Therefore, the trial court is afforded the requisite "opportunity to correct any error it may have made before those issues are presented for appellate review," Proctor, 171 N.H. at 804, when it considers the defendant's motion after the State rests its case. Accordingly, we conclude that a sufficiency of the evidence challenge raised by way of a motion to dismiss after the State rests but before the close of evidence is properly preserved for appellate review.

[¶15] Second, the State argues that the defendant failed to preserve the sufficiency of the evidence claim by not raising the specific argument made on appeal in his motion to dismiss. On appeal, the defendant contends that the State produced insufficient evidence to prove that he was not privileged to act

4

in self-defense pursuant to RSA 627:4, II(d).  RSA 627:4, II(d) permits a person to use deadly force based upon a reasonable belief that another person is "likely to use any unlawful force in the commission of a felony against the actor within the actor's dwelling or its curtilage."  The State contends that the motion to dismiss was insufficient to preserve this self-defense argument because the motion referenced only R.S.'s verbal threats and physical assault and did not reference the curtilage or explain which felony or felonies the defendant reasonably believed the victim would commit.  We disagree.

[¶16] The defendant, as the appealing party, bears the burden of demonstrating that he specifically raised the arguments articulated in his appellate brief before the trial court.  Id.  As previously noted, the purpose of our preservation rule is to "afford the trial court an opportunity to correct any error it may have made."  State v. Woodburn, 175 N.H. 645, 650 (2023).  Therefore, we will find a legal argument preserved only if the court had "the opportunity to consider that legal issue or the development of facts that might or might not have supported" the specific argument raised on appeal.  Id.

[¶17] We conclude that the defendant demonstrated that he sufficiently raised the argument before the trial court.  When the defendant moved to dismiss the first degree assault charges for insufficient evidence, he argued that the State failed to meet its burden to disprove self-defense because evidence showed that "[R.S.] rushed at [the defendant] and there was an incident in which [the defendant] was thrown to the bottom — to the concrete below."  In denying the motion to dismiss, the court reasoned:

> With regard to the self-defense and defense of others, the jury will be looking at . . .  the law with regard to self-defense and that you can use deadly force only when you believe that deadly force is being used against you and all of the other conditions of that self-defense statute. (Emphasis added).

The court proceeded to instruct the jury on all variants of the self-defense statute, including RSA 627:4, II(d), explaining:

> A person is justified in using deadly force upon another person when he reasonably believes that such other person . . . is likely to use any unlawful force in the commission of a felony against the actor within such actor's dwelling or curtilage.

In light of this instruction and the trial court's reasoning for the basis for its denial of the motion to dismiss, we conclude that the court considered all variants of the self-defense statute, including the specific variant argued on

appeal and set forth in RSA 627:4, II(d).[1]  Accordingly, the argument is properly preserved and we proceed to address its merits.  See State v. Gagne, 165 N.H. 363, 370 (2013).

[¶18] A challenge to the sufficiency of evidence raises a claim of legal error; therefore, our standard of review is de novo.  State v. Keller, 176 N.H. 730, 735 (2024), 2024 N.H. 42, ¶13.  When considering this type of challenge, we objectively review the entire record, including any evidence presented by the defendant, to determine whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State.  Id.  We examine each evidentiary item in the context of all the evidence, and not in isolation.  Id.

[¶19] RSA 627:4, II(d) provides that a person is permitted to use deadly force in self-defense "when he reasonably believes that such other person . . . is likely to use any unlawful force in the commission of a felony against the actor within such actor's dwelling or its curtilage."  A belief that is unreasonable, even though honest, will not support the defense.  Woodburn, 175 N.H. at 651.  When evidence of self-defense is admitted, conduct negating self-defense becomes an element of the charged offense that the State must prove beyond a reasonable doubt.  State v. Collins, 176 N.H. 570, 573 (2024), 2024 N.H. 22, ¶10.

[¶20] As relevant here, a person commits the felony of first degree assault if he or she "[p]urposely causes serious bodily injury to another."  RSA 631:1, I(a) (2016).  A person commits the felony of second degree assault if he or she "[k]nowingly or recklessly causes serious bodily injury to another."  RSA 631:2, I(a) (2016).  RSA 625:11, VI defines "[s]erious bodily injury" as "any harm to the body which causes severe, permanent or protracted loss of or impairment to the health or of the function of any part of the body."  RSA 625:11, VI (2016).

[¶21] The defendant contends that the State introduced insufficient evidence to disprove that he reasonably believed R.S. was likely to commit the variants of the felonies of first or second degree assault that include causing serious bodily injury.  Specifically, the defendant argues that "[i]n light of R.S.'s aggression and threats to beat up [the defendant], in combination with the push, the State could not prove that [the defendant] reasonably believed that R.S. had finished his attack and would not escalate it further."

[¶22] Based upon the applicable standard of review, which mandates that we construe all of the evidence and inferences in the light most favorable

---

[1] In response to two questions issued by the jury during its deliberations, the trial court also provided the jury with instructions defining a felony offense, as well as first degree and second degree assaults.

6

to the State, we reject the defendant's argument.  At trial, M.R. testified that R.S. and the defendant were arguing on the stairway landing at the top of the entrance to the apartment building.  She explained that the defendant "was starting to walk down the stairs" when R.S. used one hand to push the defendant into the railing.  She further testified that he did not fall, but stumbled down the stairs, and stood at the bottom of the stairway.  The defendant's father testified that the defendant fired the shots at R.S. when the defendant reached the bottom of the stairway.

[¶23] The jury also heard testimony that, after the shooting, the defendant said that R.S. "almost pushed [me] down the stairs," giving rise to the inference that the defendant shot R.S. in response to the push.  Viewing the evidence in the light most favorable to the State, we conclude that this single-handed push in the back is insufficient to sustain a reasonable belief that R.S. would cause or attempt to cause the defendant serious bodily injury. Cf. State v. Hunter, 132 N.H. 556, 560 (1989) (concluding reasonable belief that the defendant would likely cause serious bodily injury existed, in part, because the defendant "picked up [the victim] and carried [her] into the bedroom against her will," then "physically and forcibly thwarted . . . her efforts to stop" the assault).[2]

[¶24] Nor do the surrounding circumstances, when viewed in the light most favorable to the State, establish that the State failed to disprove that the defendant reasonably believed R.S. would likely cause serious bodily injury.  The jury heard testimony that the two men were 30 feet apart at the time of the shooting.  The defendant's father testified that he did not see R.S. with "any kind of weapon."  Additionally, the detective who processed the scene testified that no weapons were recovered from or near R.S.  Another detective explained that the back of the defendant's hands did not show scratches or abrasions consistent with a physical altercation, suggesting that no further contact occurred after the push.  Although the defendant's father testified that R.S. threatened to "hit," "explode," and "beat up" the defendant prior to the push, the jury also heard testimony indicating that the parties exchanged no words in the short interval after the defendant reached the bottom of the stairway and

---

[2] The presence of a scrape on the defendant's chest does not undermine this conclusion.  First, the scrape is consistent with the testimony that R.S. pushed the defendant into the railing. Second, the relevant inquiry is whether the defendant reasonably believed that R.S. was likely to next commit a variant of the felony of first or second degree assault that would result in serious bodily injury.  See RSA 627:4, II(d) (2016); RSA 631:1 (Supp. 2024); RSA 631:2 (Supp. 2024). The scrape may be relevant to the determination, given that a rational trier of fact could find R.S.'s use of force sufficient to cause a scrape upon contact with the railing as supporting an inference that he would next attempt to use force in a manner that would cause serious bodily injury. But considering all other surrounding circumstances in the light most favorable to the State, a rational juror could reasonably conclude beyond a reasonable doubt that the defendant lacked a reasonable belief that R.S. would likely further escalate the encounter to cause serious bodily injury.

7

when he shot the victim. This testimony supported the inference that R.S. did not verbally escalate the encounter after the push.

[¶25] A rational trier of fact could consider these facts and inferences, taken together, and find that R.S.'s engagement in the interaction ended with the push, and, consequently, the defendant lacked a reasonable belief that R.S. would likely escalate the encounter to cause serious bodily injury consistent with first or second degree assault.

[¶26] For the foregoing reasons, we conclude that the State presented sufficient evidence to establish that the defendant did not act in self-defense. Accordingly, we affirm the defendant's convictions.[3] To the extent that the defendant asks us to consider whether the State failed to disprove that R.S. would commit or try to commit the variant of second degree assault that occurs when one recklessly causes bodily injury under circumstances manifesting extreme indifference to the value of human life, we conclude that his brief's reference to the elements of the offense and relevant case law without application to the facts of this case does not sufficiently develop a legal argument for our review. See State v. Laguerre, 175 N.H. 557, 564 (2022).

Affirmed.

MACDONALD, C.J., and BASSETT and COUNTWAY, JJ., concurred.

---

[3] Because we conclude that the State disproved that the victim was likely to commit a felony, we need not address whether the State also disproved the curtilage element of RSA 627:4, II(d) (2016).