Belknap
No. 93-420

THE STATE OF NEW HAMPSHIRE

v.

JACK VINCENT

September 29, 1994

*Jeffrey R. Howard,* attorney general (*John C. Kissinger, Jr.,* attorney, on the brief and orally), for the State.

*Andrew R. Schulman,* public defender, of Nashua, by brief and orally, for the defendant.

HORTON, J. The defendant, Jack Vincent, was convicted after a jury trial in the Superior Court (*Dickson,* J.), of driving after having been certified as an habitual offender, RSA 262:23 (1993). On appeal, the defendant argues that the trial court erroneously instructed the jury on the element of knowledge. We affirm.

On April 5, 1990, a police officer served the defendant with a notice of hearing from the division of motor vehicles that required him to appear at a hearing to determine whether he should be certified as an habitual offender. The defendant failed to appear at his certification hearing. Upon a review of the defendant's record, the hearings officer certified the defendant as an habitual offender and revoked his license for four years. The defendant was never formally notified of his certification. On August 8, 1992, a police officer in Belmont observed the defendant operating a motorcycle at a high rate of speed with a dim headlight and taillight. The officer attempted to stop the defendant by activating his flashing blue lights, but the defendant increased his speed. A chase ensued and the defendant was arrested. At trial, the defendant objected to the jury instructions, arguing that the trial court's charge directed a verdict on the element of knowledge by equating it with notice of the certification hearing.

The disputed instructions provided in pertinent part:

> In this case, the State must prove that Mr. Vincent committed certain acts and that he did so knowingly. And I'll define that for you in a moment. Whether he acted

knowingly is a question of fact for you to decide. And on this you might keep in mind that there is often no direct evidence of intent, because there's no way of examining the operation of a person's mind. So on this you should consider all the facts and circumstances in evidence and then decide whether or not the State has proved that Mr. Vincent acted knowingly.

When I say knowingly, what I mean is that the State must prove that Mr. Vincent was aware that his acts would cause the prohibited result. The State doesn't have to prove that he specifically intended or desired a particular result. What the State must prove is that he was aware or knew that his conduct would cause the result.

Now, the crime of being an habitual offender [sic] has three parts, and the State must prove each part beyond a reasonable doubt. Three parts, each of which the State must prove beyond a reasonable doubt. And those parts, or elements, if you will, are as follows: The first is that the State must prove an habitual offender order barring the person from driving a motor vehicle was in force. That's the first element. And the second element that the State must prove beyond a reasonable doubt is that the defendant drove a motor vehicle on the ways of the State while the order prohibiting such driving remained in effect. . . . The third element is that the defendant did so with a knowledge, he was aware, with a knowledge of his status as an habitual offender. Formal notice to the defendant of the order from the Division of Motor Vehicles declaring him an habitual offender is not an element of the offense of driving after certification. It's not an element. The State need not prove that he received actual notice of his certification as an habitual offender. The State need only prove that the defendant received notice of the hearing date scheduled by the Division of Motor Vehicles to determine his status as an habitual offender and that he was told that not showing up for the hearing would result in being certified as an habitual offender.

The law further provides that the status of being an habitual offender remains in effect until the person has a decertification hearing, and the Division of Motor Vehicles has issued an order in writing removing that status.

So in summary, remember that what the State must prove beyond a reasonable doubt are three things, first that an habitual offender order barring the person from driving a motor vehicle was in force; secondly, that Mr. Vincent drove a motor vehicle on the ways of the State while the order prohibiting such driving remained in effect; and thirdly, that he did so with a knowledge of his status as an habitual offender. The State must prove each of those three elements beyond a reasonable doubt.

■ ■ In our review of the trial court's instructions, "any allegations of error will be evaluated by interpreting the disputed instructions in their entirety, as a reasonable juror would have understood them, and in light of all the evidence in the case." *State v. Plante,* 134 N.H. 456, 460, 594 A.2d 1279, 1282 (1991). The purpose of the trial court's charge "is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case." *State v. Cegelis,* 138 N.H. 249, 252, 638 A.2d 783, 785 (1994). To convict a defendant of driving after having been certified as an habitual offender, the jury must find, beyond a reasonable doubt, that the defendant knowingly drove a motor vehicle on the ways of this State while an habitual offender order was in effect. *See State v. Crotty,* 134 N.H. 706, 710, 597 A.2d 1078, 1081 (1991). A *mens rea* of knowingly means that the defendant subjectively knew that he had been, and continued to be, certified as an habitual offender at the time he drove his motorcycle. *See State v. Reid,* 134 N.H. 418, 422, 594 A.2d 160, 163 (1991).

The defendant takes issue with the trial court's statement that "[t]he State need only prove that the defendant received notice of the hearing date scheduled by the Division of Motor Vehicles to determine his status as an habitual offender and that he was told that not showing up for the hearing would result in being certified as an habitual offender." He argues that this instruction allowed the jury to convict him based upon a finding of constructive knowledge, rather than on a finding of actual subjective knowledge, by implying that notice of the hearing for certification was sufficient to prove knowledge. We disagree.

■ The trial court stated throughout its instructions that, in order to convict the defendant, the jury must find that the defendant drove his motorcycle "with a knowledge of his status as an habitual offender." In addition, the court thoroughly explained to the jury that it was for *it* to determine, based upon all the

evidence, whether the defendant knew of his status as an habitual offender. The court stated:

> Whether he acted knowingly is a question for you to decide. And on this you might keep in mind that there is often no direct evidence of intent, because there's no way of examining the operation of a person's mind. So on this you should consider all the facts and circumstances in evidence and then decide whether or not the State has proven that Mr. Vincent acted knowingly.

The court's reference to the notice requirements simply clarified that the State need not prove that the defendant received actual notice of his certification as an habitual offender. *See Crotty,* 134 N.H. at 710, 597 A.2d at 1081. This explanation of the notice requirements did not refer to the element of knowledge, and therefore, we are not persuaded that a reasonable juror would have understood the court's explanation as equating notice with the defendant's actual subjective knowledge, an element of the charged offense. The trial court's concluding statement to the jury reinforced that, in order to convict the defendant, the jury must be satisfied beyond a reasonable doubt that the defendant actually knew he was certified as an habitual offender at the time he drove his motorcycle. The court stated:

> So in summary, remember that what the State must prove beyond a reasonable doubt are three things, first that an habitual offender order barring the person from driving a motor vehicle was in force; secondly, that Mr. Vincent drove a motor vehicle on the ways of the State while the order prohibiting such driving remained in effect; and *thirdly, that he did so with a knowledge of his status as an habitual offender.* The State must prove each of those three elements beyond a reasonable doubt.

(Emphasis added.)

Accordingly, we conclude that the trial court's charge adequately explained each element of the offense and properly allowed the jury to determine, based upon all the evidence, whether the defendant knew of his status as a certified habitual offender at the time he drove his motorcycle.

*Affirmed.*

All concurred.