Merrimack
No. 93-666

ROBERT A. REID

v.

WARDEN,
NEW HAMPSHIRE STATE PRISON

May 26, 1995

*Michael J. Iacopino* and *Timothy I. Robinson*, of Manchester (*Mr. Iacopino* and *Mr. Robinson* on the brief, and *Mr. Iacopino* orally), for the plaintiff.

*Jeffrey R. Howard*, attorney general (*Sharon J. Fray-Witzer*, attorney, on the brief and orally), for the defendant.

HORTON, J. This is an appeal from an order of the Superior Court (*Smukler*, J.) denying the plaintiff's petition for a writ of habeas corpus in which he sought reversal of his conviction on the basis of ineffective assistance of counsel. We affirm.

The plaintiff, Robert A. Reid, was charged with attempted first degree assault, RSA 631:1 (1986), RSA 629:1 (1986); second degree assault, RSA 631:2 (1986); and two counts of resisting arrest, RSA 642:2 (1986). During opening statements plaintiff's trial counsel urged the jury to find the plaintiff guilty of the lesser-included, uncharged offense of misdemeanor simple assault and the charges for resisting arrest, but acquit him of the two felony charges for attempted first degree assault and second degree assault. She repeated this request in her closing argument. Consistent with trial counsel's concession, the trial judge instructed the jury on the lesser-included offense of misdemeanor simple assault, but the jury returned guilty verdicts on the felony second degree assault and the two counts of resisting arrest. In an earlier appeal, we reversed the two convictions for resisting arrest due to a faulty jury instruction. *State v. Reid*, 134 N.H. 418, 423, 594 A.2d 160, 163 (1991). The plaintiff now argues that he was deprived of effective assistance of counsel in violation of part I, article 15 of the New Hampshire Constitution and the sixth amendment of the United States Constitution because his attorney effectively conceded his guilt to the second degree assault charge. We disagree.

■ The analysis of a claim of ineffective assistance of counsel focuses on "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Anaya,* 134 N.H. 346, 351, 592 A.2d 1142, 1145 (1991) (quoting *Strickland v. Washington,* 466 U.S. 668, 686 (1984)). To prevail on a claim of ineffective assistance of counsel, the plaintiff must show first that counsel's performance was deficient and second that counsel's deficient performance resulted in actual prejudice by affecting the outcome of the trial. *Anaya,* 134 N.H. at 351–52, 592 A.2d at 1145. Although the United States Supreme Court has recently refined the prejudice prong of the *Strickland* test, *Lockhart v. Fretwell,* 113 S. Ct. 838, 844 (1993), the deficient performance prong, on which the instant action is decided, remains unaltered, *id.* at 843 n.2, and is the same under both constitutions. *Anaya,* 134 N.H. at 351, 592 A.2d at 1145.

■ "[T]he decision to admit guilt of a lesser-included offense is . . . undeniably a momentous one . . . [and] should remain inviolably personal to the defendant." *Id.* at 353, 592 A.2d at 1146. Accordingly, whether trial counsel's concession of guilt to a lesser-included offense constitutes deficient performance *per se* hinges on whether the plaintiff authorized trial counsel's strategy. *Id.*

The trial court found that the plaintiff had authorized the concession of guilt. The plaintiff argues that the trial court's finding was unsupported by the evidence and erroneous as a matter of law.

We will not disturb the factual findings of the trial court "unless they are not supported by the evidence or are erroneous as a matter of law." *McCabe v. Arcidy,* 138 N.H. 20, 24, 635 A.2d 446, 449 (1993); *see also State v. Chase,* 135 N.H. 209, 215, 600 A.2d 931, 935 (1991). We defer to the trial court's judgment for a determination of the weight given to testimony, the resolution of conflicting testimony, and the measure of witnesses' credibility. *See Chase,* 135 N.H. at 215, 600 A.2d at 935. We will not reverse a factual finding unless "no reasonable person could have come to the same conclusion as to the weight to be given to the conflicting testimony . . . ." *Roy v. Perrin,* 122 N.H. 88, 95, 441 A.2d 1151, 1156 (1982).

The plaintiff argues that his conduct and testimony require us to reverse the trial court's finding that he authorized counsel's concession of guilt. Specifically he argues that his refusal to plead guilty to the same misdemeanor assault charges of which trial counsel urged the jury to find him guilty, his steadfast resolve to have his fate determined by a jury, his requests to counsel to proceed on a theory of self-defense, and his trial counsel's failure to review the actual contents of her opening statement with the plaintiff prior to trial dictate a finding that

he did not authorize trial counsel's strategy. He relies on *Anaya* for support. *Anaya,* 134 N.H. at 354, 592 A.2d at 1146.

■ Although we reversed a similar finding of fact in *Anaya,* this case is distinguishable. The plaintiff in this case did not take the stand to profess his innocence, as the defendant did in *Anaya;* in fact, the plaintiff did not take the stand at all and neither protested his innocence nor objected to trial counsel's concession when given an opportunity to speak at the sentencing hearing. More importantly, at the hearing on the petition for writ of habeas corpus, plaintiff's trial counsel testified that the plaintiff was aware of trial counsel's strategy and had agreed to it, and that the plaintiff agreed that it was inadvisable to testify because the State could impeach him with evidence of his prior assaults. We hold that the superior court's findings were supported by the evidence and not erroneous as a matter of law.

■ The plaintiff also urges us to adopt a bright line rule requiring the trial court to hold a colloquy with the defendant, on the record and outside the presence of the jury, prior to trial counsel's concession of the defendant's guilt to a lesser-included offense. *See Boykin v. Alabama,* 395 U.S. 238, 242–44 (1969). We decline to do so. *See Wiley v. Sowders,* 669 F.2d 386, 389 (6th Cir. 1982). "[A]n on-the-record inquiry by the trial court to determine whether a criminal defendant has consented to an admission of guilt during closing arguments represents the preferred practice. But we . . . do not . . . hold . . . that due process requires such a practice." *Id.*

■ When we find that the plaintiff authorized counsel's concessions of guilt to a lesser-included crime, we still make a separate determination of whether trial counsel's performance was deficient. *See State v. Fennell,* 133 N.H. 402, 405, 578 A.2d 329, 331 (1990). In this case the superior court found that "counsel did not make such egregious errors that counsel was not functioning as the 'counsel' guaranteed by [the State and Federal Constitutions]" and, therefore, counsel's performance was not deficient. (Quotation omitted.) We agree with the superior court that counsel's actions constituted reasonable trial strategy. Accordingly, we affirm.

*Affirmed.*

All concurred.