# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1997

**FILED**

September 18, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **PAUL GALBREATH,** | ) | **C.C.A. NO. 01C01-9603-CC-00097** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DICKSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. LEONARD W. MARTIN** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |

FOR THE APPELLANT:

CHARLES GALBREATH
901 Stahlman Building
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

EUGENE J. HONEA
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

DAN ALSOBROOKS
District Attorney General

ROBERT WILSON
Assistant District Attorney
P. O. Box 580
Charlotte, TN 37036

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Paul Galbreath appeals the dismissal of his petition for post-conviction relief. On April 28, 1993, Appellant was indicted for second-degree murder. On December 21, 1993, a jury found Appellant guilty of voluntary manslaughter. The trial court imposed a sentence of six years imprisonment. This Court affirmed Appellant's conviction and modified his sentence to five years on September 1, 1995. See, State v. Galbreath, No. 01C01-9406-CC-00204, 1995 WL 518878, at *1 (Tenn. Crim. App. Sept. 1, 1995). In his petition for post-conviction relief, Appellant alleges that he received ineffective assistance of counsel. After an evidentiary hearing, the post-conviction court dismissed the petition. After a careful review of the record, we affirm the judgment of the trial court.

At the evidentiary hearing on Appellant's petition for post-conviction relief, Appellant's trial counsel testified that before trial he discussed the possibility of pleading guilty to voluntary manslaughter with Appellant but that Appellant refused to do so. On the first day of trial, counsel again informed Appellant that he should plead guilty to voluntary manslaughter. Again, Appellant refused. At the close of the State's proof, the district attorney prosecuting the case, District Attorney Alsobrooks, approached trial counsel asking if Appellant would reconsider the State's offer. Trial counsel testified that at this point Appellant agreed to plead guilty. However, the trial judge refused to accept Appellant's plea of guilty. Trial counsel and District Attorney Alsobrooks then discussed the possibility of recommending to the jury that the proof showed that Appellant was guilty of voluntary manslaughter. Trial counsel closed his case and made the following statement during closing: "[B]ased upon the evidence that's been presented to you this week, I don't think there's any doubt exactly what happened in this case.

Voluntary manslaughter is the proper verdict for you to return." District Attorney Alsobrooks closed by stating, "I have entered into discussion with the defense lawyer in this case, Mr. Carey Thompson, a very seasoned trial attorney, and at this point, as your district attorney, I'm asking you to return a verdict in this case of guilty of voluntary manslaughter." In justifying his actions, trial counsel testified that he had employed this tactic in another case where his client was charged with automobile theft. Trial counsel testified that in that case he "stood up and pled him guilty to joy-riding and that's what I thought he was guilty of, and I thought there would be some value in telling the jury that." Appellant testified that he never agreed to allow trial counsel to argue that he was guilty before the jury.

Before addressing the substance of Appellant's claim of ineffective assistance of counsel, we recognize that our scope of review is limited. In a petition for post-conviction relief, the petitioner must establish his or her allegations by a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983) (citing Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978)). Furthermore, the findings of fact made by a trial judge in post-conviction hearings are conclusive on appeal unless the appellate court finds that the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

Cases addressing a defense counsel's admission that his client is guilty generally fall into one of two categories. Many courts have held that a defendant was deprived of effective assistance of counsel where defense counsel admitted his client's guilt to the offense charged. See, e.g., Wiley v. Sowders, 647 F.2d 642 (6th Cir. 1981); People v. Hattery, 488 N.E.2d 513 (Ill. 1985); State v. Harbison, 337 S.E.2d 504 (N.C. 1985); State v. Anaya, 592 A.2d 1142 (N.H. 1991). In this type of case, counsel gives up his role as an advocate, effectively nullifies the defendant's

right to have his innocence decided by a jury of his peers, and fails to subject the prosecution's case to meaningful adversarial testing.  In the second category, counsel may stipulate to a particular element of the charge or issue of proof if he believes it tactically wise and his argument does not amount to a functional guilty plea.  State v. Caldwell, 671 S.W.2d 459, 466 (Tenn. 1984).  In Caldwell, defense counsel in a capital murder trial was faced with overwhelming proof that the defendant had shot the victim.  Counsel admitted in closing argument that in fact his client had fired the fatal shot.  This decision was found to be tactically reasonable under the circumstances since it left open the possibility of the jury finding the defendant guilty of a lesser included offense.  Id.; see also People v. Gant, 599 N.E.2d 1086, 1092 (Ill. App. Ct. 1992).

It is clear that in the absence of the acquiescence of the client, an admission by defense counsel in closing argument that the client is guilty constitutes ineffective assistance of counsel.  Wiley v. Sowders, 669 F.2d 386, 389 (6th Cir. 1992).  However, such a tactic may, in cases such as the one sub judice, be a perfectly legitimate trial tactic where the client's acquiescence is obtained.  Id.  An on-the-record inquiry by the trial court outside the presence of the jury prior to admitting guilt is the preferable procedure for insuring the defendant's consent to this tactic.  Id.  However, due process considerations do not mandate such an inquiry.  Id.; Lobosco v. Thomas, 928 F.2d 1054, 1057 (11th Cir. 1991); Reid v. Warden, N.H. State Prison, 659 A.2d 429, 432 (N.H. 1995).

In the instant case the preferred procedure described above was not followed.  Nonetheless, at the post-conviction hearing both Appellant's primary trial attorney and his co-counsel testified that Appellant was informed of and consented to his attorneys concession of guilt to the lesser included offense of voluntary manslaughter.  Based on this evidence, the trial judge found that Appellant did in

fact consent to this tactic. Under these circumstances we must accept the trial judge's finding as conclusive. Butler v. State, supra.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JOE G. RILEY, JUDGE