Merrimack
No. 2004-275

THE STATE OF NEW HAMPSHIRE

v.

CLYDE GAUNTT

Argued: February 8, 2006
Opinion Issued: September 28, 2006

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Theodore Lothstein*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

BRODERICK, C.J. The defendant, Clyde Gauntt, was convicted following a jury trial in Superior Court (*McGuire*, J.) of operating a motor vehicle while certified as a habitual offender. *See* RSA 262:23 (2004). He appeals his conviction, arguing that the trial court erred in denying his request for a jury instruction on the lesser-included offense of operating after revocation. We reverse and remand.

On September 14, 2000, the defendant attended a hearing at which he was adjudicated a habitual offender. Upon certification, his driver's license was revoked. He was given an order prepared by the hearings examiner informing him that he would continue to be certified as a habitual offender until a further hearing resulted in decertification and he was so notified of such decertification in writing by the department of safety. The order was read to him by the hearings examiner and the defendant was also provided with a copy of the order. The order certified the defendant indefinitely, for a "minimum" period of four years, but also provided that he could petition to be decertified after twelve months.

Later in the fall of 2000, the defendant was arrested, pled guilty, and was imprisoned for driving while certified as a habitual offender. He served one year in jail and was released around October 2001. On November 23, 2002, Officer Syrek of the Hooksett Police was patrolling on Hooksett Road when the car in front of her, which was traveling at a very slow speed, pulled over and stopped. Officer Syrek pulled over behind the car to make sure the driver was not lost or incapacitated. The officer asked the defendant for his driver's license and he provided a nondriver identification card. Through dispatch, the officer determined that the defendant was a habitual offender.

At trial, the defendant testified that after serving his sentence in 2001, although he knew his license was still suspended, he "thought that the habitual offender had been wiped out because [he] had paid [his] debt to society." The defendant further testified that he went to the division of motor vehicles and inquired what he had to do to get his license back. He testified that a motor vehicle employee "gave [him] a list of what [he] had to have done before [he] could have [his] license back." The defendant testified that he was told his license was suspended but the issue of his status as a habitual offender "was never brought up, never mentioned." The defendant also testified that he had experienced memory problems since 1994, for which he had sought help from a neurologist. According to

the defendant, he had little recollection of his certification hearing and did not understand the requirement that his habitual offender status would continue until removed in writing by the department of safety.

At the close of evidence at trial, the defendant requested a jury instruction on the lesser-included offense of operating after revocation. The court denied the request stating: "As to the lesser included offense, this is similar to the *Watkins* case .... The only ... evidence of why he didn't have a license was the habitual offender certification, although he mentioned that ... he was told his license was suspended. Even if that could be construed as enough evidence of a different order, which it can't, that didn't come in substantively in any event. It came in just as to his state of mind so he's not entitled to a lesser included offense."

On appeal, the defendant argues that the evidence presented at trial could support an instruction on the lesser-included offense of driving after revocation because the defendant testified and explained the basis for his mistaken belief that he was no longer a habitual offender. The defendant argues that "[b]ecause actual knowledge of legal status is an essential element of the offense of operating after [certification as a] habitual offender, and because evidence of [his] mistaken belief that his status changed over time would, if believed, negate that element, his theory of defense is not barred by mistake of law principles." The State argues that because the defendant did not rely upon a general claim of lack of knowledge, but upon the specific claim that he misunderstood the effect of certain events on his legal status as a habitual offender, his defense asserted a mistake of law that was not supported by the evidence.

It is within the sound discretion of the trial court to determine whether or not a particular jury instruction is necessary. *State v. Littlefield*, 152 N.H. 331, 334 (2005). We review the trial court's decision not to give the lesser-included offense instruction in this case for an unsustainable exercise of discretion. *Id.*

■ A defendant is entitled to have the jury consider a lesser-included offense when "the lesser offense [is] embraced within the legal definition of the greater offense" and "the evidence adduced at trial ... provide[s] a rational basis for a finding of guilt on the lesser offense rather than the greater offense." *State v. Watkins*, 148 N.H. 760, 765 (2002). Because driving after suspension or revocation is embraced within the legal definition of driving after certification as a habitual offender, *State v. Moses*, 128 N.H. 617, 621 (1986), the only issue in this case is whether the evidence presented at trial could "provide[] a rational basis for a finding of guilt on the offense of driving after suspension or revocation rather than

on the offense of driving after certification as a habitual offender." *Watkins*, 148 N.H. at 765.

RSA 626:3, I (1996) provides in part that "[a] person is not relieved of criminal liability because he acts under a mistaken belief of fact unless: (a) The mistake negatives the culpable mental state required for commission of the offense . . . ." "[I]gnorance or mistake of fact . . . is a defense when it negatives the existence of a mental state essential to the crime charged." 1 W. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 5.6(a), at 395 (2d ed. 2003). "One merely identifies the mental state or states required for the crime, and then inquires whether that mental state can exist in light of the defendant's ignorance or mistake of fact . . . ." *Id.* § 5.6(b), at 397.

"A conviction on the charge of operation after certification as an habitual offender requires proof of three elements: (1) that an habitual offender order barring the defendant from driving a motor vehicle was in force; (2) that the defendant drove a motor vehicle on the ways of this State while that order remained in effect; and (3) that the defendant did so with knowledge of his status as an habitual offender." *State v. Crotty*, 134 N.H. 706, 710 (1991) (citations omitted). "A *mens rea* of knowingly means that the defendant subjectively knew that he had been, and continued to be, certified as an habitual offender at the time he drove his [vehicle]." *State v. Vincent*, 139 N.H. 45, 48 (1994); *see State v. Baker*, 135 N.H. 447, 449 (1992); *Watkins*, 148 N.H. at 766. In order to convict the defendant, "the jury must be satisfied beyond a reasonable doubt that the defendant actually knew he was certified as an habitual offender at the time he drove [a vehicle]." *Vincent*, 139 N.H. at 49.

The defendant claims he was entitled to a lesser-included instruction based upon all of his testimony including: his memory problems; his limited memory of his certification hearing; his lack of understanding that habitual offender status continues until removed in writing; the significance of his prior conviction for operating after certification as a habitual offender and the ensuing jail sentence; and his meeting with the department of motor vehicles employee which reinforced his belief that although his license was suspended, he was no longer certified as a habitual offender. Unlike *Watkins,* wherein the defendant offered no evidence or testimony regarding his state of mind, in the present case, the defendant's testimony, if believed, could support a finding that he did not subjectively know that he was still certified in 2002 when he was arrested.

Accordingly, we hold that because the evidence presented at trial could provide a rational basis for a finding of not guilty on the offense of

driving while certified as a habitual offender but guilty on the offense of driving after revocation, the defendant was entitled to have the jury consider the lesser-included offense. The trial court's denial of his request for such a jury instruction was an unsustainable exercise of discretion.

*Reversed and remanded.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.