Carroll
No. 88-449

THE STATE OF NEW HAMPSHIRE

v.

GREGORY CANNEY

August 23, 1989

*John P. Arnold*, attorney general (*Robert E. Dunn, Jr.*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J. This is an appeal from a conviction in the Superior Court (*O'Neil*, J.) based upon stipulated facts finding the defendant guilty of driving after having been certified as an habitual offender, RSA 262:19 (Supp. 1988); RSA 259:39 (Supp. 1988), and sentencing him to serve one year in the house of correction, RSA 262:23 (Supp. 1988). Although we have decided many cases involving the habitual offender statute, this case is the first involving a new procedure by which habitual offender certifications are made by the director of the division of motor vehicles, rather than by the superior court. *Compare* RSA 262:19 (Supp. 1988) *with* RSA 262:19, :20, :21 (prior to amendment or repeal by Laws 1985, 213:10, :26, I). For the reasons that follow, we affirm.

The parties stipulated to the following facts for trial. On March 20, 1987, a hearings officer at the division of motor vehicles reviewed a certified abstract of the defendant's motor vehicle record and, based on three misdemeanor convictions, issued an administrative order finding Gregory Canney to be an habitual offender. RSA 262:19 (Supp. 1988). The hearings officer did not review the underlying misdemeanor convictions, nor did he make any inquiry into whether or not the defendant had been represented by counsel or had waived the right to counsel in those cases. The

division of motor vehicles put the defendant on notice that he had been declared an habitual offender and revoked his driver's license.

Approximately six months later, on September 15, 1987, the defendant drove an automobile on Route 25, a public way in West Ossipee, and was subsequently indicted by the Carroll County Grand Jury for driving after being certified as an habitual offender. Prior to trial, the defendant moved to exclude the habitual offender finding on the ground that the administrative agency's failure to review the underlying convictions violated due process. The court authorized an interlocutory transfer of the admissibility issue, which we declined to accept. On remand, the court denied the defendant's motion to exclude, and he was tried and convicted.

The defendant concedes on appeal that the evidence presented to the court provided a sufficient basis for the court to find the defendant guilty of driving after being certified as an habitual offender, but argues that the court's guilty finding in this case should be reversed because the underlying administrative determination that he was an habitual offender was inadmissible to prove an element of the criminal offense. In particular, the defendant claims that the administrative proceeding denied him due process under the fifth amendment to the Federal Constitution because it provided no review of whether the underlying misdemeanor convictions were obtained with counsel or a valid waiver and placed the burden on him as an uncounseled defendant to disprove any fact in the motor vehicle record. We do not agree with the defendant's contentions.

The defendant's arguments are based upon a collateral attack on the underlying administrative hearing which classified him as an habitual offender. The general rule is that the defendant may not collaterally attack an habitual offender determination after having failed to appeal it, nor is he entitled to court-appointed counsel at the habitual offender hearing. *State v. Lemire*, 125 N.H. 461, 462, 481 A.2d 820, 821 (1984). Neither the State nor the federal due process clause requires that a defendant have counsel as a procedural safeguard in habitual offender proceedings, and an habitual offender order based upon uncounseled convictions of motor vehicle violations is valid. *State v. Cook*, 125 N.H. 452, 458, 481 A.2d 823, 828 (1984) (citing *Lewis v. United States*, 445 U.S. 55 (1980) (holding that it was permissible to refer to an earlier invalid conviction for the purpose of identifying a class to which a penal statute applied)).

The defendant was convicted under RSA 262:23 (Supp. 1988) for the crime of driving after having been certified as an habitual offender and was sentenced accordingly. RSA 262:23 (Supp. 1988) is part of a statutory scheme enacted to promote maximum safety on this State's roadways, to deny the privilege of driving motor vehicles to persons indifferent to the safety of others and disrespectful of the State's safety rules, and to discourage repeated traffic violations and punish habitual offenders. RSA 262:18. This statute is similar to Maine's habitual offender law, which uses

> "... imprisonment sanctions to deter prospective motor vehicle operators from flouting the civil disability classification as an habitual offender, so long as the classification stands unreversed, ... notwithstanding any impairment in the proceedings leading to the habitual offender adjudication and regardless of the basis upon which the person was declared ineligible to operate a motor vehicle."

*State v. O'Neill*, 473 A.2d 415, 419 (Me. 1984). The focus here is not on the reliability of the individual convictions, but rather on the State's interest in preventing potentially dangerous persons from driving. As in *Lewis* and *Lemire*, the defendant in this case should have timely challenged the validity of his prior convictions or otherwise removed his disability before driving an automobile on a public way. *See* RSA 262:24 (Supp. 1988) (allowing a defendant to petition for reinstatement of license after expiration of revocation period imposed due to habitual offender status). The reliability of the predicate convictions is not at issue in the criminal proceeding to determine whether or not the defendant was guilty of driving after certification as an habitual offender. *See* RSA 262:23 (Supp. 1988); *see also O'Neill, supra* at 419.

Conviction on a charge of operation after certification as an habitual offender requires proof of two elements: (1) that an habitual offender order barring the person from driving a motor vehicle existed, and (2) that the person drove a motor vehicle on the ways of this State while the order prohibiting such driving remained in effect. *See* RSA 262:23 (Supp. 1988). There was no shift in the burden of proof on the essential elements of this crime. The hearings officer at the habitual offender proceeding correctly admitted the abstract of the defendant's conviction as *prima facie* evidence that the defendant was duly convicted of the prior offenses. RSA 262:19, I (Supp. 1988). "In the absence of sufficient evidence produced by the defendant to rebut the State's prima facie case, the State need not submit additional evidence to sustain its

burden of proof that the prior convictions were valid." *State v. Buckwold*, 122 N.H. 111, 112, 441 A.2d 1165, 1166 (1982).

The defendant's reliance on *United States v. Mendoza-Lopez*, 107 S. Ct. 2148 (1987), and other United States Supreme Court decisions involving collateral attack on administrative orders, is misplaced. In *Mendoza-Lopez*, the Court held that a deportation proceeding in which the defendants were deprived of their right to appeal could not be used to support a criminal conviction, *id.* at 2155, but noted that it was "the unavailability of effective judicial review of the administrative determination at issue that sets this case apart from *Lewis*." *Mendoza-Lopez*, 107 S. Ct. at 2156. Here, however, the defendant had a clear right of appeal under RSA 262:25 (Supp. 1988), and he acknowledges that he was advised of that right.

■ The analysis set forth in *Lewis v. United States*, 445 U.S. 55 makes the other cases cited by the defendant inapplicable. In *Lewis*, the United States Supreme Court found that a federal firearm regulatory scheme which provided criminal sanctions for any convicted felon possessing a firearm, whether or not the predicate felony might be subject to collateral attack on constitutional grounds, did not violate the due process clause of the fifth amendment. *Lewis*, *supra* at 65–67. In its analysis in *Lewis*, the Court found that although uncounseled felony convictions cannot be relied upon to support guilt or enhance punishment in criminal cases, they can be used in the enforcement of a civil disability status. *Lewis*, *supra* at 59–60, 66–67 (recognizing and distinguishing *Burgett v. Texas*, 389 U.S. 109 (1967); *United States v. Tucker*, 404 U.S. 443 (1972)). The habitual offender statute, which provides criminal sanctions for violation of a civil disability status, is susceptible to similar analysis. The certification of Canney as an habitual offender imposed upon him a civil disability in the form of lost driving privileges, but it was only after this status had been determined and he had violated the order that he became subject to criminal prosecution.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.