Hillsborough
No. 90-562

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL J. CROTTY

October 9, 1991

*John P. Arnold*, attorney general (*Ann M. Rice*, assistant attorney general, on the brief and orally), for the State.

*Kenna, Johnston, Craighead & Sharkey P.A.*, of Manchester (*Bruce E. Kenna* on the brief and orally), for the defendant.

BATCHELDER, J.   The defendant, Michael Crotty, was convicted for displaying a fictitious driver's license, RSA 263:12, I, and driving while certified as an habitual offender, RSA 262:23, following a jury-waived trial. The defendant appeals the Superior Court's (*Murphy,* J.) denial of his motion to suppress evidence obtained by the State as a result of the warrantless search of his automobile and the Superior Court's (*Dalianis,* J.) denial of his motion to dismiss, which was based on the State's failure to prove that he was properly certified as an habitual offender. Finding no error, we affirm.

At approximately 3:00 a.m. on February 19, 1989, Manchester police officer Peter Bartlett stopped a car driven by the defendant for speeding. At the officer's request for his license, the defendant produced a Massachusetts driver's license identifying him as Joseph Crotty of Lawrence, Massachusetts. He also provided the officer with the vehicle registration which indicated that the defendant was not the owner of the vehicle.

While the officer was talking with the defendant, he observed an Alpine car stereo on the floor of the car behind the driver's seat. The

officer became suspicious when he noticed that the serial number, which through prior experience the officer knew was attached by a sticker, had been partially removed. After obtaining the defendant's consent, the officer examined the stereo more closely and found that it did not have a serial number. He arrested the defendant for possession of property without a serial number, RSA 637:7-a.

At the Manchester police station, the officer learned that the defendant's name was actually Michael J. Crotty, and a check on his motor vehicle record revealed that he had been certified as an habitual offender. As a result, the defendant was charged with additional crimes: disobeying an officer, RSA 265:4, I(b); driving while certified as an habitual offender, RSA 262:23; and a violation, it is apparent from the record, of RSA 263:12, I, which makes it a misdemeanor for any person to "[d]isplay or cause or permit to be displayed any revoked, suspended, fictitious or fraudulently altered driver's license or permit."

Prior to trial, the defendant moved to suppress all evidence obtained as a result of his arrest, arguing that the officer did not have probable cause to make the arrest. The trial court denied the motion.

At trial, Officer Roy Roberts of the New Hampshire Department of Safety testified that, on July 14, 1988, he served the defendant with an order to appear at an habitual offender certification hearing scheduled for August 22, 1988. He further testified that he had read the following warning to the defendant regarding the consequences of a default: "Failure to appear for this hearing will result in the revocation of your driver's license and/or driving privileges and, further, shall after a review of your record and by reason of default result in your being certified as an habitual offender." The officer also testified that he advised the defendant of the convictions on which the certification was based, and issued the defendant a forty-five-day driver's license. Officer Roberts explained to the defendant that the license was temporary and would expire on the date of the hearing.

At the close of the State's case, the defendant moved to dismiss the habitual offender charge on the basis that the State failed to prove that the defendant was knowingly in violation of his habitual offender status on February 19, 1989. The trial court denied the motion and found the defendant guilty of both displaying a fictitious license, and driving while an habitual offender. This appeal followed.

The defendant argues that the facts available to Officer Bartlett did not constitute sufficient probable cause to arrest defendant for violating RSA 637:7-a, possession of property without a serial num-

ber. He contends that the officer lacked probable cause to believe that the defendant actually or constructively possessed the stereo or knew the sticker had been removed. We disagree.

An officer is authorized to conduct a warrantless arrest whenever "[h]e has probable cause to believe that the person to be arrested has committed a misdemeanor or violation in his presence." RSA 594:10, I(a). Probable cause exists when the facts and circumstances presented "warrant a person of reasonable caution and prudence in believing that the arrestee has committed an offense." *State v. Vachon*, 130 N.H. 37, 40, 533 A.2d 384, 386 (1987). "In determining probable cause to arrest, we are dealing only with reasonable probabilities and not the amount of evidence required to sustain a conviction or to make out a *prima facie* case." *State v. Birmingham*, 122 N.H. 1169, 1172, 453 A.2d 1329, 1331 (1982); *see also Brinegar v. United States*, 338 U.S. 160, 172–73 (probable cause to arrest does not require same amount of evidence as required to sustain conviction), *reh'g denied*, 338 U.S. 839 (1949).

The defendant relies on *State v. Fossett*, 119 N.H. 155, 399 A.2d 966 (1979) and *United States v. Romano*, 382 U.S. 136 (1965), to support his argument that no facts were available to Officer Bartlett from which he could infer that the defendant possessed the stereo. His reliance on *Fossett* and *Romano* is misplaced, however, because those cases addressed whether evidence was sufficient to sustain a conviction, and thus required the courts to apply a more stringent standard than that necessary to establish probable cause to arrest.

Under the reasonable probability standard, Officer Bartlett was justified in his belief that the defendant was in possession of the stereo, as it was located in plain view behind the driver's seat. Although the defendant did not own the vehicle, it was in his custody and control at the time of the offense. Viewing the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act," *Brinegar v. United States, supra* at 175, Officer Bartlett could logically conclude that the stereo was in the defendant's possession. *See United States v. Ruigomez*, 702 F.2d 61, 66 (5th Cir. 1983) (probable cause to arrest for possession of handgun existed, because police found gun on passenger side of car where defendant was sitting).

The defendant also contends that Officer Bartlett lacked evidence that the defendant knew the serial number sticker had been removed. Although knowledge of the serial number's removal is an

element of the crime which must be proven at trial, it is not required to establish probable cause. *See United State v. Everett*, 719 F.2d 1119, 1120 (11th Cir. 1983) (evidence of intent not required to establish probable cause to arrest for passing counterfeit money), *cert. denied*, 456 U.S. 1037 (1984).

Officer Bartlett had probable cause to believe the defendant was in possession of property without a serial number. Consequently, the trial court did not err in denying the defendant's motion to suppress.

The defendant further argues that the evidence was insufficient to prove that he "knowingly" operated the vehicle in violation of the habitual offender statute. The State contends that, even though no evidence was introduced that the defendant received formal notice of his certification, he nevertheless had knowledge of his habitual offender status.

In ruling on a claim of insufficiency of the evidence in criminal convictions, this court will view the evidence in the light most favorable to the State. *State v. Simpson*, 133 N.H. 704, 706, 582 A.2d 619, 620 (1990). The burden falls upon the defendant to prove that "no rational trier of fact could have found guilt beyond a reasonable doubt." *Id.*

A conviction on the charge of operation after certification as an habitual offender requires proof of three elements: (1) that an habitual offender order barring the defendant from driving a motor vehicle was in force; (2) that the defendant drove a motor vehicle on the ways of this State while that order remained in effect, RSA 262:23 (Supp. 1990); *see State v. Canney*, 132 N.H. 189, 192, 562 A.2d 1315, 1317 (1989); and (3) that the defendant did so with knowledge of his status as an habitual offender, RSA 626:2, I (person guilty of felony only if he acts purposely, knowingly, recklessly, or negligently). The defendant in *Canney*, having been put on notice of his status, relieved this court from addressing the culpability element. The first two elements were the subject of a trial stipulation in this case. Consequently, the only issue contested at trial was the defendant's knowledge of his status as an habitual offender.

The defendant maintains that the State failed to prove that the New Hampshire Division of Motor Vehicles notified him of the final certification order, as required by the motor vehicle hearing rules, N.H. ADMIN. RULES, Saf-C 205.05. Formal notice of the certification order, however, is not an element of the offense of operating after certification. RSA 262:23 (Supp. 1990); *see State v. St. Hilaire*,

543 A.2d 824, 827 (Me. 1988) (proof that defendant received actual notice of certification as an habitual offender not required to support conviction for driving after certification).

■ ■ The evidence presented at trial was sufficient to prove that the defendant had knowledge of his certification. Officer Roberts testified that he personally served defendant with notice of the certification hearing and read to defendant the section which provided that failure to appear at the hearing would result in revocation of his driver's license and certification as an habitual offender. Officer Bartlett further testified that shortly after his arrest the defendant acknowledged that he was an habitual offender and should not have been driving. Although the defendant denied this statement at trial, the trial court made a specific finding that "the defendant's credibility [was] suspect on the critical issue." Where the trial court hears conflicting testimony on an issue, "the trial judge stands in the best position to weigh witness credibility." *State v. McDermott*, 131 N.H. 495, 501, 554 A.2d 1302, 1306 (1989). We will defer to the trial court's determination on witness credibility "unless we find that no reasonable person could have come to the same conclusion after weighing the conflicting testimony." *State v. Smith*, 127 N.H. 433, 437, 503 A.2d 774, 776 (1985). Consequently, we hold that the evidence before the trial court was sufficient to support its finding, beyond a reasonable doubt, that the defendant knew of his habitual offender certification.

*Affirmed.*

THAYER, J., did not sit; the others concurred.