Hammell v. Warden, NHSP          CV-00-181-B   08/09/01

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Michael L. Hammell

   v.                                 Civil No. 00-181-B
                                       Opinion No. 2001 DNH 149

Warden, New Hampshire State Prison


## MEMORANDUM AND ORDER


Michael Hammell raises the following eight claims in his habeas corpus petition:

(i)      his procedural due process rights were violated when he was certified as an habitual motor vehicle offender;

(ii)     his Sixth Amendment right to effective assistance of counsel was violated when his trial lawyer failed to collaterally challenge his habitual offender status;

(iii)    his right to effective assistance of counsel was violated when his trial lawyer failed to properly investigate the case;

(iv)    his right to effective assistance of counsel was violated when his trial lawyer failed to challenge the probable cause for his arrest;

(v)     his right to effective assistance of counsel was violated when his trial lawyer impeached a defense witness;

(vi)    his right to effective assistance of counsel was violated when his lawyer failed to cross-examine, or introduce evidence to impeach, one of the State's witnesses;

        (vii)     his right to effective assistance
                  of counsel was violated when his
                  lawyer failed to take a direct
                  appeal; and
        (viii)    his due process rights were violated when the
                  State failed to disclose exculpatory evidence.

The Warden of the New Hampshire State Prison challenges all eight claims in a motion for summary judgment. I address each claim in turn.

## A.   Habitual Offender Certification

Hammell's first and second claims are related. He argues first that the State violated his right to procedural due process when it certified him as an habitual offender. He next claims that his lawyer was ineffective for failing to collaterally challenge his status as an habitual offender. The short response to both arguments is that Hammell cannot collaterally attack an habitual offender determination after having chosen not to appeal it. See State v. Canney, 132 N.H. 189, 191 (1989). Moreoever, even if Hammell could have successfully attacked his habitual offender certification, the expungement of the certification would not have given him a defense to the charge of operating a motor vehicle after having been certified as an habitual offender. See State v. St. Hilaire, 543 A.2d 824, 826-27 (Me.

1988).  Accordingly, Hammell's first two claims have no merit.

B.    **Failure to Obtain Photographs of Store Windows**

Hammell claims that his lawyer was ineffective because he failed to obtain photographs of the windows that one of the witnesses looked through when he identified Hammell as the driver of the vehicle.  I disagree.

Counsel's decision not to obtain photographs of the windows obviously was a matter of trial strategy.  Such judgments cannot serve as the basis for an ineffective assistance of counsel claim.  See Strickland v. Washington, 466 U.S. 668, 689 (1984) ("Judicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks and citation omitted)).

C.    **Failure to Contest Probable Cause**

Hammell next argues that counsel was ineffective because he failed to require the State to prove that it had probable cause

-3-

to arrest Hammell. This argument has no merit because the record demonstrates that Hammell made a knowing and intelligent waiver of his right to a probable cause hearing. Moreover, any failure by counsel to demand a probable cause hearing was harmless because the State had ample evidence to justify its decision to arrest Hammell.

### D. Preemptive Impeachment of Defense Witness

Hammell faults his lawyer for cross-examining a defense witness. Counsel's decision to preempt an attack on the credibility of a defense witness by anticipating issues that the State might raise in cross examination is sound trial strategy that cannot support an ineffective assistance of counsel claim. See Strickland, 466 U.S. at 689-90. Thus, I reject Hammell's argument that his counsel was ineffective for this reason.

### E. The Incident Report

Hammell claims that his attorney was ineffective because he failed to obtain and use at trial a police incident report describing his arrest. He also asserts that the State violated his right to due process by withholding the report from his attorney. Neither argument has merit.

Hammell claims that the police incident report would have been helpful to his defense because it could be read to suggest that the arresting officer was with Hammell for only approximately three minutes before he arrested him rather than the approximately 15 minutes that the officer testified it took from the time he drove into the parking lot until he left the lot with Hammell in custody. Even if this were true, it could not have affected the outcome of the case. The State established that Hammell was the driver of the vehicle primarily through the testimony of an eyewitness and undisputed evidence that Hammell had the keys to the vehicle in his pocket when he was arrested. The amount of time that the arresting officer spent at the scene before he arrested Hammell has no bearing on the question of whether Hammell was the operator of the vehicle. Since Hammell suffered no prejudice as a result of the State's failure to produce the report and/or his counsel's failure to obtain the report, he is not entitled to habeas corpus relief on this basis. See United States v. Wilkerson, 251 F.3d 273, 279 (1st Cir. 2001) (stating that, in order to prove ineffective assistance of counsel, the claimant must demonstrate "that there was a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different"
(quoting <u>Strickland</u>, 466 U.S. at 693-94)); <u>United States v.
Rosario-Peralta</u>, 199 F.3d 552, 559 (1st Cir. 1999), <u>cert. denied</u>,
121 S.Ct. 241 (2000) (holding that, in order to establish a <u>Brady</u>
violation, the claimant must demonstrate "a reasonable
probability that, had the evidence been disclosed to the defense,
the result of the proceeding would have been different" (internal
quotation marks and citation omitted)).

F.    **Failure to File an Appeal**

Hammell's final argument is that his counsel was ineffective
because he failed to file an appeal on Hammell's behalf.  Again,
I disagree.

The Supreme Court recognized in <u>Roe v. Flores-Ortega</u>, 528
U.S. 470 (2000), that when a defendant claims that his attorney
was ineffective because he failed to file an appeal without the
defendant's consent, he must prove both that counsel's
performance was deficient and that the defendant was prejudiced
by counsel's failure to file the appeal.  <u>See</u> <u>id.</u> at 476-80.  In
this case, Hammell has failed to demonstrate how he was
prejudiced by counsel's failure to file an appeal.  The evidence
of his guilt is overwhelming and he has identified no issue of

law on which he would have had even a remote chance of prevailing on appeal.  Accordingly, he is not entitled to habeas corpus relief because his attorney failed to appeal his conviction.

## G.  <u>Conclusion</u>

For the reasons set forth in this Memorandum and Order, I grant the State's motion for summary judgment, (Doc. No. 17). The Clerk shall enter judgment accordingly.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

August  9, 2001

cc:  Michael L. Hammell, <u>pro</u> <u>se</u>
     N. William Delker, Esq.