Drew v. Warden                          CV-03-087-JD   05/28/03
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Phillip R. Drew

        v.                                    Civil No. 03-87-JD
                                              Opinion No. 2003 DNH 087
Warden, Northern Correctional
Facility, New Hampshire State Prison


                              O R D E R


        Phillip R. Drew, proceeding pro se, seeks habeas corpus

relief, pursuant to 28 U.S.C. § 2254, from the sentence imposed

following his guilty plea to a charge of driving while certified

as an habitual offender in violation of New Hampshire Revised

Statute Annotated ("RSA") § 262:23.  Drew's claims arise from the

structure of RSA 262:23, which provided for different minimum

sentences depending on the defendant's history of prior motor

vehicle convictions.[1]  The Warden moves for summary judgment.

                          Standard of Review

        Summary judgment is appropriate in habeas proceedings, as in

other civil actions, when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any

_____

        [1]RSA 262:23 has been amended, effective after Drew was
charged as an habitual offender.  Therefore the amendments are
not at issue here.

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Fed. R. Civ. P. 81(a)(2); Rule 11 of the Rules Governing § 2254 Cases. Additional standards apply to the court's review of summary judgment motions in habeas cases. See, e.g., Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002).

If the state court adjudicated the petitioner's federal claims on the merits, the federal court, considering the same claims on habeas review, must decide whether the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision based on an unreasonable determination of the facts . . . ." § 2254(d); see also Price v. Vincent, 2003 WL 21134496, at *3 (U.S. May 19, 2003). On the other hand, if the state court did not address properly preserved federal claims on the merits, the federal court reviews the decision under a de novo standard. Gruning v. Dipaolo, 311 F.3d 69, 71 (1st Cir. 2002). "Furthermore, . . . state-court determinations of factual issues 'shall be presumed to be correct,' unless the petitioner rebuts the presumption 'by clear and convincing evidence.'" Niland v. Hall, 280 F.3d 6, 11 (1st Cir. 2002) (quoting § 2254(e)(1)).

## Background

Philip Drew was indicted on April 15, 1999, on one count of driving after being certified as an habitual offender, in violation of RSA 262:23 (1993). He was also charged with driving while intoxicated, subsequent offense, in violation of RSA 265:82-b. He pled guilty to the charges in May of 2000. Before he was sentenced, Drew moved to withdraw his guilty pleas on the ground that he was not in his right mind at the time of the plea. The motion was denied in March of 2001.

Drew's motor vehicle record included five prior convictions for driving while intoxicated and a prior habitual offender conviction. Following his sentencing hearing on May 3, 2001, Drew was sentenced to two to four years on the habitual offender offense, stand committed. He was sentenced to a concurrent twelve-month sentence on the driving while intoxicated conviction.

Drew filed a petition for a writ of habeas corpus in state court, challenging the sufficiency of the indictment, because it did not include the predicate prior convictions used in his sentencing. He also challenged his sentence on the habitual offender conviction and argued that his trial counsel was ineffective. The Superior Court concluded that he had waived his claim challenging the sufficiency of the affidavit by pleading guilty and that he had also procedurally defaulted the claim by

3

not raising it in a direct appeal from the denial of his motion to withdraw his guilty plea. The court further ruled that because Drew could not show that he was prejudiced by his counsel's failure to challenge the sufficiency of the indictment, his ineffective assistance of counsel claim was denied.

On appeal to the New Hampshire Supreme Court, Drew raised four issues. He challenged the sufficiency of the indictment and the legality of his sentence in the absence of allegations of his prior convictions; he asserted ineffective assistance of counsel; and he claimed that the "rule of lenity" should allow him the lesser punishment provided under RSA 262:62. In support of his claims, Drew cited state court cases and Apprendi v. New Jersey, 530 U.S. 466 (2000); Strickland v. Washington, 466 U.S. 668, 697 (1984); Bell v. United States, 349 U.S. 81 (1955). The New Hampshire Supreme Court deferred screening of Drew's appeal pending decisions in two other cases, State v. LeBaron and State v. Riendeau. After Riendeau was dismissed and the supreme court issued a decision in LeBaron, the court summarily affirmed the Superior Court's decision denying Drew's habeas petition, noting that it had considered the effect of LeBaron on Drew's appeal.

                              <u>Discussion</u>

     Drew raises the same claims in support of his habeas

petition here that he raised on appeal to the New Hampshire

Supreme Court.  The New Hampshire Supreme Court summarily

affirmed the Superior Court's decision denying Drew's habeas

petition, and the Superior Court did not address federal claims.

Because the New Hampshire Supreme Court did not adjudicate the

federal claims on the merits, the claims are subject to de novo

review here.  <u>See</u> <u>Gruning v. Dipaolo</u>, 311 F.3d 69, 71 (1st Cir.

2002).


A.   <u>Sufficiency of the Indictment and Legality of Sentence</u>

     Drew contends that RSA 262:23 (1993) provided penalties for

two crimes:  a felony under Part I and a misdemeanor under part

III.[2]  Based on that statutory interpretation, he argues that the

---

     [2]The applicable version of RSA 262:23 provided as follows:

     I. It shall be unlawful for any person to drive any
     motor vehicle on the ways of this state while an order
     of the director or the court prohibiting such driving
     remains in effect.  If any person found to be an
     habitual offender under the provisions of this chapter
     is convicted of driving a motor vehicle on the ways of
     this state while an order of the director or the court
     prohibiting such operation is in effect, he shall be
     sentenced, notwithstanding the provisions of RSA title
     LXII, to imprisonment for not less than one year nor
     more than 5 years.  No portion of the minimum mandatory
     sentence shall be suspended, and no case brought to

                                5

indictment charging him under RSA 262:23 was constitutionally

enforce this chapter shall be continued for sentencing; provided, however, that any sentence or part thereof imposed pursuant to this section may be suspended in cases in which the driving of a motor vehicle was necessitated by situations of apparent extreme emergency which required such operation to save life or limb. Any sentence of one year or less imposed pursuant to this paragraph shall be served in a county correctional facility. Any sentence of more than one year imposed pursuant to this paragraph shall be served in the state prison.

II. For the purpose of enforcing this section, in any case in which the accused is charged with driving a motor vehicle while his license, permit or privilege to drive is suspended or revoked, or is charged with driving without a license, the court before hearing such charge shall determine whether such person has been held an habitual offender and by reason of such holding is barred from driving a motor vehicle on the ways of this state. For the purposes of this section, in determining whether the person has been held an habitual offender and by reason of such holding is barred from driving a motor vehicle on the ways of this state, a certified copy of the individual's motor vehicle record on file with the division shall be as competent evidence in any court within this state as the original record would be if produced by the director as legal custodian thereof.

III. Notwithstanding paragraph I, any person who qualifies under RSA 259:39 shall not be subject to the minimum mandatory provisions of paragraph I; provided, however, that any such person may be sentenced to one year or less. Any person incarcerated on June 8, 1992, pursuant to certification as an habitual offender under RSA 259:39, who does not have a conviction under RSA 265:82 or any misdemeanor or felony motor vehicle convictions pursuant to RSA title XXI, may apply immediately to the superior court for sentence review and reduction.

insufficient because it did not include the predicate offenses necessary to charge a felony under the statute. The Superior Court ruled that Drew had procedurally defaulted this claim by pleading guilty and then failing to raise the issue in an appeal of the denial of his motion to withdraw his guilty plea. Because the Superior Court decision was the last reasoned decision on the issue, the court looks through the summary affirmance to the Superior Court decision. See Gunter v. Maloney, 291 F.3d 74, 80 (1st Cir. 2002) (citing Ylst v. Nunnemaker, 501 U.S. 797, 801-04 (1991)).

Ordinarily, a habeas petitioner's failure to satisfy the state's procedural requirements bars consideration of the claim in federal court unless the petitioner can show both cause for the default and resulting prejudice. See Edwards v. Carpenter, 529 U.S. 446, 450 (2002) (citing Coleman v. Thompson, 501 U.S. 722, 732 (1991)). The Warden, however, has not raised the issue of procedural default. Because the procedural default doctrine is a judicially made rule, which supports the policies of comity and judicial economy, it is not jurisdictional, and the court need not consider the question sua sponte. See, e.g., Massaro v. United States, 2003 WL 1916677 (page references not available) (U.S. Apr. 23, 2003); Edwards, 529 U.S. at 451.

"An indictment must set forth each element of the crime that it charges." Almendarez-Torres v. United States, 523 U.S. 224,

7

228 (1998). An indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." Id. However, "'any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" Ring v. Arizona, 536 U.S. 584, 600 (2002) (quoting Jones v. United States, 526 U.S. 227, 243 n.6 (1999)); see also Apprendi v. New Jersey, 530 U.S. 466, 477 (2000). Factors that increase the statutory minimum sentence within the applicable sentencing range need not be charged in the indictment or found by the jury. See Harris v. United States, 536 U.S. 545, 558 (2002).

RSA 262:23 describes the offense of driving after certification as an habitual offender and provides penalties. The elements of the offense are "(1) that an habitual offender order barring the defendant from driving a motor vehicle was in force; (2) that the defendant drove a motor vehicle on the ways of this State while that order remained in effect; and (3) that the defendant did so with knowledge of his status as an habitual offender." LeBaron, 808 A.2d at 543 (quoting State v. Crotty, 134 N.H. 706, 710 (1991)). Drew does not dispute that the indictment charged him with those elements and that he pled

8

guilty to the offense as charged.[3]

Part I of RSA 262:23 provides a sentence of "not less than one year nor more than 5 years." Part III of RSA 262:23 provides an exception to Part I in that an habitual offender defendant who does not have certain specified prior convictions is subject to a sentence of one year or less. Drew contends that because the specified prior convictions, which he admits he had, prevented him from being eligible for the sentencing exception provided in Part III, the prior convictions were elements of the crime, which were not charged in the indictment, in violation of the Sixth and Fourteenth Amendments.

The New Hampshire Supreme Court recently interpreted RSA 262:23, guided by the analysis in Almendarez-Torres. See LeBaron, 808 A.2d at 543-44. The court concluded that Part I states the offense and the elements of the offense while Part III only provides an exception to the sentencing requirements of Part I. Id. The court held that the prior convictions specified in Part III are sentencing factors and are not elements of the offense stated in Part I. United States Supreme Court precedent would not require a different result in this case.

Therefore, the indictment charging Drew with violation of

_____

[3]The indictment also includes the designation of "RSA Ch 262:23 Felony."

9

RSA 262:23 was constitutionally sufficient. His sentence, based on prior convictions, was within the range provided in Part I, and was constitutional. The Warden is entitled to summary judgment with respect to Drew's claims based on the sufficiency of the indictment and the legality of his sentence.

B.   The Rule of Lenity

"In a criminal case, the rule of lenity requires a court to resolve true statutory uncertainty in the accused's favor." United States v. Ahlers, 305 F.3d 54, 62 (1st Cir. 2002). Federal courts, however, lack power to apply the rule of lenity to a state statute. Sabetti v. Dipaolo, 16 F.3d 16, 19 (1st Cir. 1994). Therefore, Drew's claim based on the rule of lenity is denied.

C.   Ineffective Assistance of Counsel

Drew contends that his counsel was constitutionally ineffective for failing to challenge the sufficiency of the indictment based on the lack of allegations of prior convictions. Constitutionally ineffective assistance of counsel is shown if "counsel's representation fell below an objective standard of reasonableness," and there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688.

10

Counsel's conduct is entitled to a "strong presumption" of professional reasonableness.  <u>Bell v. Cone</u>, 535 U.S. 685, 702 (2002).

As discussed above, the New Hampshire Supreme Court's interpretation of RSA 262:23 in <u>LeBaron</u> is contrary to the interpretation Drew urges in support of his claim.  The New Hampshire Supreme Court relied on its decision in <u>LeBaron</u> in its summary affirmance of the denial of Drew's state habeas petition. Drew's counsel cannot be faulted for failing to pursue an argument that the New Hampshire Supreme Court has rejected.


<u>Conclusion</u>

For the foregoing reasons, the respondent's motion for summary judgment (doc. no. 7) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

May 28, 2003

cc:  Phillip R. Drew, pro se
     Stephen D. Fuller, Esquire


11